CASE 62—CAPIAS—JANUARY 17.

## Commonwealth v. Norton.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

WHERE A JUDGMENT OF IMPRISONMENT IN THE COUNTY JAIL IS SUPERSEDED by the defendant and upon the affirmance of the judgment or the failure to prosecute the appeal the defendant fails to surrender himself in execution of the judgment and the surety in the supersedeas bond, in compliance with his undertaking, pays to the Commonwealth the sum of two dollars for each day of the imprisonment adjudged, that payment is not a satisfaction of the judgment of imprisonment, which may still be enforced against defendant.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

There are no authorities upon the question presented in this case, and the case is submitted for such opinion as the wisdom of the court may direct.

KOHN, BAIRD & SPINDLE FOR APPELLEE.

Section 349 of the Criminal Code of Practice authorizes the satisfaction of the judgment of imprisonment by the payment of two dollars per day. It is true that this privilege is given to the surety, but when exercised it extinguishes the judgment. (Criminal Code, sec 304.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

It appears that April 7, 1894, Martin Norton was tried and found guilty of the offense of involuntary manslaughter, and judgment rendered in pursuance of verdict of the jury "that the Commonwealth of Kentucky recover of him one thousand dollars for fine assessed, also costs, and that he be confined in the jail of Jefferson county for the period of one year; and when said period shall have terminated, he be retained in such confinement until payment or replevy of said fine and costs, the period not, however, to exceed one day for each two dollars of said fine."

Defendant having prayed an appeal from that judgment to the Superior Court, then in existence, executed a supersedeas bond of same date as that of the judgment, whereby he and his surety covenanted that in case said judgment be affirmed they would pay said fine, costs and all damages thereon, and costs of appeal; and that the defendant would surrender himself in execution of the judgment of imprisonment; or, failing to do so, he and his surety would pay the Commonwealth the sum of two dollars for each day of the imprisonment adjudged.

Defendant did not, however, prosecute the appeal. Accordingly, June 8, 1894, a writ was duly issued, commanding the sheriff to take his body and deliver him at the jail of Jefferson county, there to be confined for the period of one year, and until he satisfies one thousand dollars recovered by the Commonwealth. Upon that writ was made by the sheriff the following return: "The within named not found. I am reliably informed that he has left the State."

September 17, 1894, on motion of the Common-wealth's attorney, the supersedeas bond was adjudged forfeited, and a summons directed issued against the surety, who, September 22, 1894, appeared in court, when the following order was made: "By consent, it is ordered and adjudged by the court, that the Common-wealth of Kentucky recover of the defendant, Martin Norton, the sum of one thousand seven hundred and sixty-five dollars and eighty cents, for forfeited super-sedeas bond aforesaid, also its costs herein expended, and may have execution; and came said Martin Nor-ton and paid into court the sum of one thousand seven hundred and seventy dollars and eighty cents, in full satisfaction of the judgment herein."

On the same day, September 22, 1894, another capias was issued against defendant, Martin Norton, which, on motion of his attorney, was, by judgment of court, September 29, 1894, quashed. And from that judg-ment this appeal is prosecuted.

The ground upon which the lower court quashed the capias, as appears from an opinion then delivered and made part of the record, is that payment by the surety satisfied not merely the fine of one thousand dollars, but also the judgment of imprisonment.

The simple and only process by which defendant could satisfy the fine was by paying the amount in money, which his surety has done for him. And it appears to us equally plain that the simple and only process by which he can satisfy the judgment for im-prisonment is by being put in jail and kept there for the period of one year, or until pardoned; otherwise, there is no reason for inflicting in any case double punishment of fine and imprisonment.

It is very certain that if defendant had, immediately after the judgment of conviction was rendered, tendered one thousand dollars, amount of the fine, and seven hundred and fifty dollars, the sum equal to two dollars for every day of imprisonment adjudged, and thereupon moved the court for an entry of record showing the judgment for both fine and imprisonment had been satisfied, and he was free to go thence, his motion would have been treated as preposterous. Yet, if the judgment now appealed from be affirmed, that is just what he has accomplished by the shallow device of praying an appeal, it is manifest he never intended to prosecute, and with his surety executing a supersedeas bond covenanting to pay the aggregate of those two sums, and a small amount of costs resulting from prearranged forfeiture of the bond.

Section 349, Criminal Code, relating to appeals in cases of misdemeanor is as follows : "The appeal shall not suspend the execution of the judgment unless the defendant cause to be executed before the clerk of the circuit court a covenant by good surety, to be approved by said clerk, for payment, in case the judgment is affirmed, of the fine and costs and costs of the appeal and all damages thereon, and for the surrender of the defendant in execution of the judgment, if the judgment be for imprisonment, or, on his failure so to surrender himself, for the payment of a sum equal to two dollars for every day of imprisonment adjudged, and cause said covenant to be copied into the transcript. Upon being lodged with the Clerk of the Court of Appeals he shall issue a certificate that execution of the judgment is suspended."

We think payment of a sum equal to two dollars for every day of imprisonment adjudged, provided for in that section, was intended as a penalty for failure of a defendant to surrender himself in case the judgment be affirmed. If not, then he might, by merely having an appeal granted and executing a supersedeas bond, acquire the right, not before existing, to elect whether he would pay that sum or go to jail. Section 304 provides that "the defendant shall not be held in confinement under an execution for a fine for a longer period than at the rate of one day for each two dollars of the fine. Such confinement shall not discharge the fine, which thereafter can only be collected by proceeding against the debtor's property." And counsel, referring to the proviso in that section, argues it is a fair inference that if the Legislature had not intended payment of a sum equal to two dollars for every day of imprisonment adjudged should be full satisfaction of such judgment, section 349 would have contained a similar proviso. But the two conditions are not alike. In one the debtor might, at common law, and may now by statute, be taken in execution for a fine, and section 304 being enacted in order to fix a limit of his imprisonment for that cause, it was appropriate and necessary to provide in that connection such imprisonment should not discharge the fine. In the other a defendant enters into a contract with the Commonwealth, whereby, in consideration of a stay of execution and his release from custody *pending an appeal*, he covenants, in case the judgment is affirmed, to surrender himself, or, as penalty for violating his contract to do so, pay a sum equal to two

·dollars for every day of imprisonment adjudged; and ·that payment of such sum was intended to be an addition to and not commutation of the punishment by the imprisonment seems to us too plain for discussion.

In our opinion the judgment against Martin Norton is still in force. Wherefore, the judgment quashing ·the capias in question is reversed, and cause remanded ·for further proceedings consistent with this opinion.