## Sparks v. Smith, Sheriff.

Dec. 8, 1943.

J. R. Llewellyn and C. P. Moore for appellant.

L. C. Little for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Sarah Turner was convicted in the Jackson circuit court of the crime of shooting and wounding another, and her punishment was fixed at a fine of $200 and 6 months' imprisonment in the county jail. She was also convicted of another misdemeanor, and her punishment fixed at a fine of $100 and imprisonment in the county jail for 30 days. She appealed from both judgments and executed a supersedeas bond in each case with L. H. Sparks as surety. In one case the appeal was dismissed and in the other the judgment was affirmed. Thirty days after the mandates of the Court of Appeals were received in the office of the clerk of the Jackson circuit court, the clerk, in compliance with section 370a-5 of the Criminal Code of Practice, issued an execution in each case against the principal and surety upon the supersedeas bond in favor of the Commonwealth of Kentucky for the amount of the fine and 10 per cent. damages thereon, and for all costs in the circuit court adjudged against Sarah Turner, and for a further sum equal to $2 per day for each day of imprisonment adjudged against her in the circuit court in the judgment appealed from and superseded. This further sum amounted to $360 in one case and $60 in the other. The executions were placed in the hands of the sheriff of Jackson county, and on January 30, 1943, L. H. Sparks, surety on the two supersedeas bonds, brought this action to enjoin the sheriff from levying either of the executions on his property. A demurrer to the petition was sustained, and on March 24, 1943, the plaintiff filed an amended petition in which he alleged that he had used due diligence after the cases had been disposed of in the Court of Appeals to have Sarah Turner brought before the Jackson circuit court to perform the judgments of the court; that he learned she had been sick and unable to attend court, and that she had been advised she had until the regular, March, term of the Jackson circuit court to appear and surrender herself in execution of the judgments; that since the filing of his original petition he had located Sarah Turner and had caused her to be arrested and placed in the Jackson county jail, and that she was then serving the jail sentences imposed upon her. He further alleged that he was ready and

willing to pay the fines, penalties, and costs. A demurrer to the petition as amended was sustained with leave to amend. A second amended petition was filed in which the plaintiff alleged that he did, in reasonable time, have Sarah Turner surrender herself to the jailer of Jackson county, that she was then serving her days of imprisonment in jail, and he should not be required to pay $2 per day for said days of imprisonment. A demurrer to this pleading was sustained, plaintiff declined to plead further and his petition as amended was dismissed. The court sustained the demurrer on the theory that the obligation to pay $2 per day for each day of imprisonment adjudged became final and binding when the execution was issued, and payment was not excused by surrender of the convicted defendant to the jailer thereafter.

The sections of the Criminal Code governing supersedeas bonds, sections 370a-1 to 370a-11, inclusive, were enacted in 1926, Acts 1926, chapter 32. Prior to that time summons was issued by the clerk at the request of the Commonwealth's attorney against the surety on the appeal and suspending covenants, requiring him to appear on the first day of the next term of the circuit court to show cause why judgment should not be rendered against him on the covenants. If the surety had any defense he could make it by answer, and the case was tried as an ordinary civil action. Carroll's Criminal Code, Seventh Edition, section 370. The 1926 Act gave to a supersedeas bond, executed under the provisions of section 349 of the Criminal Code of Practice in contemplation of an appeal to the Court of Appeals, the force and effect of a judgment. Section 8 of the Act reads:

"All executions herein authorized and directed to be issued shall be delivered by the clerk issuing same to the sheriff of the county from which the appeal is taken, and when a penalty of imprisonment is imposed by the judgment of the circuit court, the clerk of the circuit court issuing such execution shall indorse upon such execution the following:

" 'Upon the production and attachment to this execution by the principal, or by a surety, upon the appeal and supersedeas bond, of a receipt of the jailer of the county showing that the appellant has surrendered himself in execution of the judgment of imprisonment, this

execution shall be credited by an amount equal to $2.00 per day for each day of imprisonment imposed by the judgment.' " Criminal Code of Practice, sec. 370a-8.

The purpose of this provision is to compel the surety to locate the convicted defendant and surrender him to the jailer in execution of the judgment of imprisonment. The Commonwealth is primarily interested in having the judgment of conviction satisfied. Section 370a-8 of the Criminal Code fixes no limit on the time when the execution shall be credited by an amount equal to $2 per day for each day of imprisonment imposed by the judgment, and in view of the purpose of the Act, we think the surety is entitled to the credit whenever it is made to appear, prior to the satisfaction of the execution, that the principal is in jail serving the sentence of imprisonment. Appellee relies upon Tubbs v. Commonwealth, 248 Ky. 24, 58 S. W. (2d) 236, but that case merely held that after a supersedeas bond has been executed the fine and costs must be paid and that the only credit to which the principal is entitled is an amount equal to $2 per day for each day of imprisonment imposed by the judgment.

The judgment is reversed, with directions to overrule the demurrer to the petition as amended.