### Ex parte Oliver HOBBS, Petitioner and Appellant.

Court of Appeals of Kentucky.

Oct. 7, 1960.

Jay H. Taylor, Pineville, for appellant.

John B. Breckinridge, Atty. Gen., **Troy** D. Savage, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

This is an appeal from a judgment denying a writ of habeas corpus sought by petitioner to be relieved from serving a jail sentence. He was convicted of a crime for which the penalty adjudged was a $200 fine and 120 days' confinement in the Bell County jail. He appealed that judgment to this Court and it was affirmed.

The execution of the judgment was suspended pending the appeal when petitioner executed a supersedeas bond authorized by section 349 of the Criminal Code of Practice. This bond provides for the payment, in case the judgment is affirmed, of the fine and costs, and in addition, upon the failure of the defendant to surrender himself in execution of the judgment, a sum equal to $2 for every day of imprisonment adjudged.

The petitioner did not surrender himself within 30 days after the mandate of this Court was received in the trial court, and pursuant to Criminal Code of Practice section 370a–5 the clerk issued an execution against the principal and surety on the bond. The amount thereof was thereupon paid, including $240, representing the $2 per day penalty based upon the term of imprisonment.

Petitioner makes the unique contention that since the face amount of the bond was paid, this liquidated his sentence of imprisonment and it was unlawful to return him to jail. It would certainly be a popular procedure if a convicted defendant could in this manner buy up his jail sentence at the rate of $2 a day. Of course it cannot be done.

The purpose of fixing this amount in the bond is to compel the surety to locate and surrender the convicted defendant to serve his term of imprisonment. If the de-

fendant does not surrender, the amount of the bond is forfeited. Clearly this does not satisfy the judgment any more than forfeiture of a bail bond would foreclose further proceedings against the defendant. Criminal Code of Practice section 370a–8 recognizes that if a convicted defendant subsequently surrenders to serve out the term of imprisonment, the execution on the bond shall be credited with the amount fixed to cover this performance.

Without further discussion, reference is made to Commonwealth v. Norton, 96 Ky. 386, 29 S.W. 134; and Sparks v. Smith, 296 Ky. 126, 176 S.W.2d 258.

The judgment is affirmed.