## Louisville Railway Company and Louisville & Interurban Railroad Company v. Frank Dugan, Clerk of the Jefferson Circuit Court; and Commonwealth of Kentucky, upon relation of Robert L. Greene, Auditor of Public Accounts.

(Decided March 15, 1918.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

1. Jury—Fees of Jurors—Taxed as Costs—Successful Litigant Liable. —The successful party litigant is liable in the first instance for the jury fee of four dollars due the Commonwealth, and this fee will be taxed by the clerk at the termination of the litigation against the unsuccessful party.

2  Jury—Fees of Jurors—Statute.—The statute with reference to jury fees is. purely a revenue measure.

3. Jury—Fees of Jurors.—The successful party to an action can not avoid responsibility for the jury fee by foregoing an execution due him upon the judgment.

HOWARD B. LEE and STRAUS, LEE & KREIGER for appellants.

J. M. CHILTON, NAT C. CURETON, CHARLES H. MORRIS, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action was instituted to obtain an injunction restraining Frank Dugan, clerk of the Jefferson circuit court, from issuing executions for jury fees of four dollars, each, in about three hundred and fifty cases, tried in the Jefferson circuit court, in which the Louisville Railway Company and the Louisville & Interurban Company, were the successful parties litigants and against

whom the clerk, it is charged, was about to issue the executions as provided in section 2274, Kentucky Statutes. The Commonwealth on relation of Robert L. Greene, auditor, presented a petition to be made a party defendant, and this was done. Thereupon the defendants filed a demurrer to the petition which was sustained and the action dismissed.

The sole question for determination is, who is primarily liable for the jury fee—the successful or unsuccessful party to the action—which the state is entitled to collect in every case where a jury is empaneled and sworn in a circuit court? Some years ago two eminent judges of the Jefferson circuit court upon a consideration of the question, in a written opinion, held the unsuccessful party liable primarily for the jury fees. Pursuant to this rule, the clerk of the Jefferson circuit court has since that time consistently required the unsuccessful party to pay the fee. Recently four judges of the same court, after having the matter brought to their attention, in a written opinion by Judge Gordon, held the converse of the former opinion and required the successful party to pay to the clerk the jury fee. Other circuit courts and their clerks throughout the Commonwealth have had more or less trouble with this question, although it has never been presented to this court on appeal. In the case at bar appellants charge they are about to be proceeded against by execution in three hundred and fifty cases, which, at four dollars per jury fee, amounts to $1,400.00, and they invoked the rule giving a court of equity jurisdiction by injunction to prevent a multiplicity of suits growing out of the same transaction or arising from the same common cause. Illinois Railway Co. v. Baker, 155 Ky. 512. Buckeye Garment Co. v. Hieatt, et al., 177 Ky. 783.

The jury fee act is a revenue measure purely, and intended to contribute to the expense which the state undergoes in maintaining the jury system. Sections 2260 and 2271, Kentucky Statutes, at first glance appear to conflict but they are easily reconciled when considered in connection with other acts relating to jury fees and the taxation of the same as cost. It is provided in section 2260, "That in the circuit court a jury fee of four dollars shall be taxed as cost against the unsuccessful party." By section 2271, Kentucky Statutes, it is provided, "Upon the return of a verdict into court by the

jury, a dismissal or a judgment of non-suit, or the withdrawal of a jury by consent after it has been sworn, a jury fee of four dollars shall be *paid to the clerk* by the successful party, in the first two cases, before any execution shall issue on the judgment. In the latter case the jury fee of four dollars shall be paid by the party-plaintiff, and in each case to be taxed as cost.''

From these two sections it will be seen a distinction is made between the expression, ''A jury fee of four dollars shall *be taxed* as cost,'' and ''A jury fee of four dollars shall *be paid* to the clerk.'' The payment to the clerk is required to be made immediately upon the return of the verdict, dismissal or non-suit, and in case of the failure of the successful party to make such payment no execution on the judgment shall issue in his behalf. The taxation of costs referred to in section 2260 has reference to that made at the termination of the litigation. ''If the jury fee is not paid to the clerk before the adjournment of court, he shall, within twenty days after the adjournment, issue executions for the same in the name of the Commonwealth, to be collected and accounted for by the sheriff.'' (Section 2274 Kentucky Statutes). This execution must issue against the successful party, because he is the only person required at that early date to pay same. ''If the successful party shall fail or refuse to pay the jury fee, the opposite party may pay it to the clerk, which shall be credited on the judgment and execution against him.'' (Section 2273, Kentucky Statutes.)

By section 1743 Kentucky Statutes, it is provided that the clerks of the circuit courts shall tax and allow as part of the cost of the plaintiff, appellant, traverser, or other persons *responsible to the Commonwealth* for the same, the tax on law processes and official seals and *jury fees,* collected by said clerks.'' From this it is manifest that the jury fee is payable by the party primarily responsible to the Commonwealth for the same, and that at the conclusion or final determination of the litigation the same shall be taxed by the clerk against the unsuccessful party and in favor of the successful party. Going back to the expression used in section 2260, ''A jury fee of four dollars shall be taxed as cost,'' it may be said that the expression ''taxed as cost,'' means the final fixing by items of the sums due by and collectible from each litigant, and this taxation can not be made until a final determination of the suit. The only other section of the

statute directly relating to jury fees is section 4244, and is as follows:

"It shall be the duty of the clerks of circuit courts to issue executions and place them in the hands of the sheriff, within twenty days after the adjournment of each term of their respective courts, upon all jury fees which remain unpaid; and, upon failure to do so, shall be held responsible on their official bonds for the amount of such jury fees upon which they had failed to issue executions." It will be noticed that this section refers to the twenty-day provision of section 2271, and plainly indicates that the execution shall issue against the successful party.

As we construe the statutes, section 2271 fixes the primary liability, between the parties, for the fee, so that the state may not be delayed in the collection of its revenue, while section 2260 declares which party to the action shall ultimately bear the burden and requires the jury fee to be taxed in the costs against the unsuccessful party.

So reading the two sections together, there is no conflict. An often invoked rule of construction, where two acts or sections of the statutes appear to conflict, requires that each section or act shall be given that meaning which will most completely effectuate the legislative intention without running counter to the other, thus harmonizing and bringing the two into a consistent whole. As said in Bowman v. Hamlett, 159 Ky. 184: "Conflicting portions of a legislative enactment should be reconciled, if possible, without disregarding the intent of the legislature."

This being a revenue measure the legislature undertook to so fix it that the state in no event would lose the jury fee. In its efforts to do this the successful party is made primarily liable for its payment, but in case of failure of the successful party to pay the same, either voluntarily or upon execution, then the unsuccessful party is responsible when the costs are taxed, and the clerk in taxing the costs must finally place the jury fee against the unsuccessful party. Nor is this all: If the clerk fails to issue the execution for the jury fee within twenty days, he shall thereupon become liable for the same on his official bond.

The clause in section 2271 reading: "A jury fee of four dollars shall be paid to the clerk by the successful party . . . before any execution shall issue on the

judgment'' is intended to encourage the payment of such fees, and does not relieve the successful party of paying same if he neglect or fail to cause an execution on the judgment to issue.

We, therefore, conclude that the lower court correctly held the successful party litigant primarily liable for the jury fees, and properly dismissed plaintiff's petition. These fees when paid by the successful party must ultimately be allowed to him and taxed as cost against the unsuccessful party.

Judgment affirmed.