## Tubbs et al. v. Commonwealth et al.

(Decided March 7, 1933.)

SHUMATE & SHUMATE for appellants.

BAILEY P. WOOTTON, Attorney General, and JOHN W. WALKER, Commonwealth's Attorney, for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

W. F. Tubbs and Austin Palmer were convicted in the Estill circuit court of violating the Prohibition Law, and each was fined $200, in addition to a jail sentence of 50 days. Thereafter they executed supersedeas bonds, and prosecuted an appeal to this court, where the judgment was affirmed. Austin Palmer & W. F. Tubbs v. Commonwealth of Kentucky, 240 Ky. 853, 41 S. W. (2d) 1119. Later on executions were issued, and Tubbs and Palmer surrendered themselves to the jailer. After serving their jail sentences, they were discharged over their protest.

Insisting that they had the right to serve out their fines at the rate of $2 a day, Tubbs and Palmer, together with their sureties on the supersedeas bond, brought this action against the commonwealth, the clerk of the Estill circuit court, and the sheriff of Estill county, to quash the executions. From an adverse decision they have prayed an appeal.

In view of the importance of the question, it is deemed best to prepare a written opinion.

It is true that in the case of Commonwealth v. Winchester, 222 Ky. 193, 300 S. W. 606, we held that, where the defendant was convicted in the county court of possessing intoxicating liquor, and on appeal to the circuit court executed a supersedeas bond, conditioned that he would perform the judgment which should be rendered against him on appeal, and the judgment of the circuit court provided that, if the fine and costs were not paid or replevied, they should be worked out, he had the option under Kentucky Statutes, secs. 1377 to 1379-1, 1379-8, 1380, and 1381, of paying or replevying, or of serving out his fine, and that, where he had been released from jail before the fine was paid and was ready and willing to satisfy the judgment by imprisonment at hard labor, there was no breach of his covenant for which he or his sureties could be held liable. However, a different situation is now presented. At its 1926 session the General Assembly passed "An act to amend and re-enact sections 1377, 1378, 1379-1, 1379-8, and 1380, Kentucky Statutes, 1922 edition, all relating to prisoners and punishment thereof by hard labor,

fixing duties of county judge in reference thereto, and providing penalties for violation of such duties." This act was approved March 27, 1926, and is now chapter 153, Acts 1926, and sections 1377, 1378, 1379-1, 1379-8, and 1380, Kentucky Statutes.

Though the new act made some minor changes in the old statutes, the principal change was that the defendant was given the right to work out his fine and costs at the rate of $2 a day instead of $1 a day. At the same session the General Assembly passed "An act to give supersedeas bonds executed upon appeals to the Court of Appeals and upon appeals to the circuit courts the force and effect of a judgment, and to provide a means of collection of certain costs, revenues, and fines and penalties due to the Commonwealth of Kentucky," which was also approved March 27, 1926, and is now chapter 32, Acts 1926, and sections 370a-1 to 370a-11, Criminal Code of Practice. Section 370a-5 provides in substance that, if a judgment in a criminal case be superseded, or the appeal be dismissed in the Court of Appeals, it shall be the duty of the clerk of the circuit court from which the appeal was taken at the expiration of 30 days after the mandate of the Court of Appeals was received, to issue an execution against the principal and surety upon the supersedeas bond in favor of the commonwealth of Kentucky for the amount of the judgment so superseded, and 10 per cent. damages thereon and costs, and for the further sum of an amount equal to $2 per day for each day of imprisonment, if any, adjudged against appellant. Section 370a-7 contains the same provision with respect to appeals from an inferior court to a circuit court, with the exception of the item of 10 per cent. damages and the time execution shall issue. Section 370a-8 is as follows:

"All executions herein authorized and directed to be issued shall be delivered by the clerk issuing same to the sheriff of the county from which the appeal is taken, and when a penalty of imprisonment is imposed by the judgment of the circuit court, the clerk of the circuit court issuing such execution shall indorse upon such execution the following:

" 'Upon the production and attachment to this execution by the principal, or by a surety, upon the appeal and supersedeas bond, of a receipt of the

jailer of the county showing that the appellant has surrendered himself in execution of the judgment of imprisonment, this execution shall be credited by an amount equal to $2.00 per day for each day of imprisonment imposed by the judgment.' "

We cannot accept the theory that as chapter 153, Acts 1926, was enacted after chapter 32, Acts 1926, the General Assembly intended to nullify its previous action. On the contrary, it is the settled rule that statutes enacted at the same session of the Legislature should receive a construction which will give effect to each, and that, even where two acts are seemingly repugnant, they will be construed so that both will stand if such construction can be reasonably given. Naylor v. Board of Education, 216 Ky. 766, 288 S. W. 690. Looking at the two acts in the light of this rule, there is no difficulty in harmonizing them. While in the act amending the working statutes it was provided that all prisoners placed at hard labor should be permitted to satisfy their fines and costs at the rate of $2 per day, it is clear that the Legislature was dealing with a situation where the defendant had not prosecuted an appeal and executed a supersedeas bond. On the other hand, the Legislature in enacting chapter 32 had in mind those cases where the defendant had prosecuted an appeal and executed a supersedeas bond, and its manifest purpose was to give the supersedeas bond the force and effect of a judgment, and provide means of collecting the fines, penalties, and costs due the commonwealth. Under the latter act, the execution issues for the amount of the fine, with the addition of 10 per cent. damages, where the appeal is prosecuted to the Court of Appeals, and for the further sum of $2 a day for each day of imprisonment. Not only so, but it is equally clear from section 370a-8, supra, that the only credit to which the appellant is entitled is an amount equal to $2 per day for each day of imprisonment "imposed by the judgment," thus negativing the theory that he is entitled to serve out his fine and costs at the rate of $2 a day. It follows that appellants were not entitled to the relief prayed.

Judgment affirmed.