## Board of Drainage Com'rs for Webster County v. McGill.

(Decided Nov. 21, 1933.)

C. W. BENNETT for appellant.

CARY, MILLER & KIRK and GEORGE S. WILSON, Jr., for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal requires a review of a judgment in a drainage case. The O. C. Vaughn drainage district was organized under an act of the General Assembly approved March 19, 1912, chapter 132, Acts of 1912, page 483, now sections 2380-1 and 2380-50, inclusive, Kentucky Statutes. The original estimated cost of construction was $90,000, provided rock was not encountered in the course of construction. A contract for its construction was entered into, containing a provision protecting the contractor against the consequence of encountering rock. Toward its completion, rock in serious proportions was encountered.

On a petition of the drainage commissioner, filed in the county court, the latter ordered an additional assessment of 30% of the original to defray the cost of the removal of the rock. It was made to appear to the court that it would be burdensome on the owners of the

property benefited by the assessment to pay the 30 per cent. in one payment; the contractor, the parties assessed, the board of drainage commissioners, and the county court agreeing, the order directed one-third of the assessment collected, for each of the years 1925, 1926, and 1927, to be applied by the board of drainage commissioners ''to the payment of such warrants as the Drainage Board may issue against such additional levy.''

The original assessed cost of the property of McGill was $3,180, which he paid. The 30 per cent. additional against his property was $954, or $318 for each of the years 1925, 1926, and 1927, which he paid to the drainage commissioners as the payments matured.

''No other additional assessment has been made for construction of the drainage ditch.'' ''A few of the land owners have never paid in full the original assessment. Some have not paid in full the 10% assessment for the years 1925, 1926 and 1927.'' This action and others of the same nature against other landowners in the drainage district ''do not embrace those items.'' Other suits are pending as to them. There are no orders of the county court concerning the O. C. Vaughn drainage district, other than that making the additional levy of 30 per cent. payable 10 per cent. each year of 1925, 1926, and 1927.

On August 20, 1928, the board of drainage commissioners, consisting of three members, entered upon its record a levy of 10 per cent. of the original estimate, against the lands assessed, to construct the O. C. Vaughn drainage ditch, including McGill's for the maintenance of the ditch and general expense fund for the year 1926.

On September 16, 1929, the board, composed of three members, entered on its records a levy of 10 per cent. of the original cost of construction of the ditch, against the lands assessed to construct it, including McGill's, for its maintenance for the year 1929, ''less cost of collection, balance to be applied to the payment of the original cost of constructing the ditch.''

On July 21, 1930, the three members of the board of drainage commissioners entered on its record a levy of 10 per cent. of the original cost of constructing the drainage ditch against the land owned and benefited by it for the year 1920, including McGill's, ''to be applied

to payment of the indebtedness of the drainage district.''

These tax levies were certified by the board to the sheriff of the county for collection, each year, against McGill for $318. He declined to pay the levy for either of the years. This action was instituted to recover of him the 10 per cent. levy for each of the years.

Among other defenses, he attacks the right of the county court to appoint three commissioners as authorized by an act of the General Assembly approved March 26, 1918, chapter 64, page 192, Acts of the General Assembly, sections 2380b-1 to 2380b-61, inclusive, Kentucky Statutes, to perform the duties imposed on one commissioner as provided by the act of 1912, as amended by the act of 1918, c. 114, secs. 2380-1 and 2380-50, inclusive, Kentucky Statutes; also the action of the three commissioners in levying 10 per cent. for each of the years 1928, 1929, and 1930, under the act of 1918, instead of 2 per cent. under the act of 1912. In avoidance of these defenses, the board of drainage commissioners charge that McGill participated in obtaining the order of the county court on September 5, 1925, levying the 30 per cent. additional assessment for the years 1925, 1926, and 1927, and that by reason thereof he is estopped from questioning the orders of the board making the 10 per cent. levy for the years 1928, 1929, and 1930.

The establishment of the O. C. Vaughn drainage ditch and the contract therefor were completed under the act of 1912. Certain sections of it, including section 7, were amended by an act approved March 28, 1918, secs. 2380-1 to 2380-5, inclusive.

In Board of Drainage Commissioners of McCracken County v. Lang, 187 Ky. 123, 218 S. W. 736, we reviewed the act of 1918 and also 1912, as amended by the act of 1918. It was our conclusion that the act of 1912 as amended by the act of 1918, and the act of 1918, now sections of the Kentucky Statutes, supra, were ''two separate alternative codes or systems for the reclamation of wet land,'' and that the jurisdiction of the county court under the act of 1912, as amended, extended to the completion of the organization of a district established thereunder, and that before its completion, either the petitioners or the board of drainage commissioners may have the proceedings begun under the act of 1912,

by an order of the county court, transferred and completed under the act of 1918, by indicating their desire to the court that the proceeding thereafter "proceed under the provisions of the Act of 1918." Sections 2380b-1 to 2380b-61, inclusive. It was our conclusion, considering both acts, that no discretion was lodged in the county court to determine which act should apply; the option given, clearly, was in the petitioners and board of drainage commissioners.

Section 7 of the amendment of 1918 section 2380-7, Kentucky Statutes, authorizes the county court to appoint one commissioner of drainage, to exercise the authority thereby conferred upon him; whereas, section 12 of the act of 1918, section 2380b-12, Kentucky Statutes, empowers the county court "to appoint a 'board of drainage commissioners' of the county consisting of three members," to exercise the powers of commissioners thereunder. The act of 1912 authorizes the board of drainage commissioners, consisting of one member, to levy and collect of the landowners benefited by the drainage ditch 2 per cent. for maintenance; whereas the act of 1918 authorizes the board of drainage commissioners, composed of three members, to levy 10 per cent. for this purpose. There appears no order of the county court indicating that the petitioners or the commissioner, or commissioners, either before or after the confirmation of the reviewers' report, or at all, indicated their desire that "the proceedings thereafter proceed under the provisions of the Act of 1918." The act of 1912 as amended by the act of 1918, approved March 28, 1918; the act of 1918 was approved March 26, 1918, and while the amendment of 1912 was approved at the same session of the Legislature at which the act of 1918 was enacted they are consistent and harmonious, and essentially create two independent, separate, and alternative codes or systems of reclaiming wet lands. Kirkman v. Williams' Ex'r, 246 Ky. 481, 55 S. W. (2d) 365; Tubbs v. Com., 248 Ky. 24, 58 S. W. (2d) 236. And the county court in appointing a board of commissioners under either act, and the board when executing the authority conferred upon it by that act under which it may be appointed, must recognize the acts as entirely distinct codes or systems, not to be integrated at the will of the county court or the board, for the purpose of appointing a board of commissioners

or the levying and collecting taxes thereunder. The county court was without authority to appoint a board of three members under the act of 1918 to perform the duties of the one commissioner authorized and directed to be appointed under the act of 1912 as amended in 1918, and the board of three members appointed under the act of 1918 was without authority to levy a tax under that act for the purposes of the act of 1912 as amended. Therefore, the levy of the taxes for the years 1928, 1929, and 1930, under the act of 1918 was unauthorized and void.

To avert this anticipated construction and application of these acts, the board of drainage commissioners, comprising the three members, interposed a plea of estoppel, alleging that McGill participated in the procuring the order of court on September 5, 1925, levying the 30 per cent. of the original estimated cost of completing the drainage ditch, payable 10 per cent. for each of the years 1925, 1926, 1927. If the order of September, 1925, or the 30 per cent. levy was here involved, the plea of estoppel would preclude his right to dispute or question its validity. But, he neither participated in nor procured the levy of either of the years now involved. He had no knowledge of the entry of either of the orders imposing the levy of either of the years and in no manner consented thereto. The record discloses that the levy of each year was entered by the board, and certified by it to the sheriff for collection, each year, without the knowledge of McGill. No elements of estoppel are established.

Other questions are discussed in the briefs, but since the judgment must be affirmed for the reasons indicated, we do not deem it necessary to consider them.

It is thoroughly established that McGill had paid the two assessments legally levied against his property for the construction of the O. C. Vaughn drainage ditch, and that other property owners have not paid either the original or supplemental assessment against their property for its construction. The reasons for their failure to pay them do not appear in the record. McGill should not be compelled to pay annually for the construction or maintenance of the drainage ditch, so long as the assessments of the other property owners benefited thereby fail or refuse to pay either the original or sup-

plemental assessment, or at least until it is established that their property is not liable for the construction or maintenance of the ditch.

For the reason indicated, the judgment is affirmed.