BOARD OF TRUSTEES OF the HENDERSON–HENDERSON COUNTY PUBLIC LIBRARY, Henderson, Kentucky, et al., Appellants,

v.

HENDERSON COUNTY FISCAL COURT, Henderson, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 22, 1976.

Discretionary Review Granted Jan. 13, 1977.

E. Lambert Farmer, Jr., King, Deep & Branaman, Henderson, for appellants.

David H. Thomason, Trimble, Cubbage, Lindsay & Thomason, Henderson, Charles B. West, West & Ternes, Henderson, for appellees.

GANT, Judge.

This action is concerned with Chapter 173 of the Kentucky Revised Statutes and particularly with those sections providing for the creation of a public library district. Two methods of creation are provided by the statutes, one of which is set out in KRS 173.470 and which method provides that upon the filing of a duly certified petition of 100 or more qualified voters in each county to be included within the district, the Fiscal Court of that county *shall* adopt a resolution submitting this question on the ballot at the next general election for the purpose of creating the district and imposing a special ad valorem tax for the purpose of maintaining and operating the district. Hereafter, this will be referred to as the "ballot method."

In addition to the "ballot method", KRS 173.720 provides an alternative method for the organization of the district. This section states that upon the filing of a duly certified petition of fifty-one percent (51%) or more of the number of duly qualified voters who voted in the last general election in the county to be included within the district, the Fiscal Court of that county *shall* adopt a resolution ordering the levy of the tax and creating the district. We shall hereafter refer to this as the "petition method".

In this action, the voters of Henderson County, Kentucky, satisfied the requirements of both sections and the Fiscal Court of that county adopted resolutions under both KRS 173.470 and KRS 173.720. This court is required to resolve the dispute as to which of these methods shall be followed.

Virtually all of the facts in this action are submitted to this court by stipulation. In the late fall of 1975, the Appellants and their supporters began to circulate petitions in Henderson County in order to obtain the signatures of the 51% required under the "petition method", canvassing door to door in the desired public library district. Subsequent to the initiation of these petitions, the Intervenors or persons in their behalf, began to circulate petitions to obtain the signatures of the 100 or more voters required under the "ballot method". It is stipulated between the parties to this action that the signatures of the persons on the petition required by the "ballot method" were obtained and that these signatures and petitions comply with the provisions of the statute as to form, required number of signatures, authenticity of signatures and registered voter status of the signers in sufficient number to satisfy the statute.

The Appellants continued to seek the signatures of sufficient voters to fulfill the requirements of KRS 173.720, or the "petition method", and did, in fact, obtain signatures in a number greater than 51% of the duly qualified voters who voted in the last general election on November 5, 1975. These petitions, according to the stipulation of all parties, complied with the provisions of the applicable statutes as to form, required number of signatures, authenticity of signatures and registered voter status of the signers.

This court is informed that there were between 120 and 130 signatures on those petitions which constituted the "ballot method" and between 3,600 and 3,700 signatures on those petitions filed under the "petition method". The petition under the "ballot method" was filed on January 19, 1976. The Henderson County Fiscal Court, at a regular meeting on January 26, 1976, adopted a resolution providing that the "ballot method" should be followed and immediately thereafter adopted a resolution that the "petition method" should be followed. It is further stipulated that this court was properly convened, a quorum present and voting, and that both resolu-

tions were adopted unanimously in proper and correct form and that these resolutions have both been entered in the Order Books of the Henderson Fiscal Court.

Thereafter, the Appellants appealed to the Henderson Circuit Court from the resolution directing the Henderson County Court Clerk to place the public library district and tax question on the ballot. A companion action was filed asking that the Henderson Circuit Court declare void the resolution adopted pursuant to the "petition method" and that an injunction be issued to prevent the Henderson County Court Clerk from collecting the tax. Thereafter, and on June 29, 1976, the Honorable Carl D. Melton, Judge of the Henderson Circuit Court, entered his order declaring that the "ballot method" should prevail and declaring the "petition method" a nullity and directing that the Henderson County Fiscal Court had not legally created a public library district.

This action is composed of a succession of unexpressed intent. In the first instance, the Legislature of Kentucky did not express its intent in passing the "petition method" some four years after it passed the "ballot method". Also, we have no expressed intent by the Henderson County Fiscal Court in passing the two resolutions other than the fact that the County Attorney, appearing on behalf of that court, stated that the court had no preference but felt that both methods were made mandatory by Chapter 173 of the Kentucky Revised Statutes. Finally, we have no expressed intent by the signers of the petition pursuant to the "ballot method", so that we cannot determine whether by their method they intended to organize a district or whether by utilization of the "ballot method" they intended to block or negate the "petition method" sought by the Appellants.

In examining the question of intent of the Legislature in passing these two statutes, we have several guideposts which we can follow. The courts have long held that where two statutes seemingly conflict, courts must harmonize them and give them such construction as will give effect to each if possible. *General Motors Acceptance Corporation v. Shuey,* 243 Ky. 74, 47 S.W.2d 968 (1932); *Tubbs v. Commonwealth,* 248 Ky. 24, 58 S.W.2d 236 (1933); *Lewis v. Mosely,* 215 Ky. 573, 286 S.W. 793 (1926).

In *Louisville Railway Company v. Dugan,* 179 Ky. 825, 201 S.W. 324, 325 (1918) it was said: "An often invoked rule of construction, where two acts or sections of the statutes appear to conflict, requires that each section or act shall be given that meaning which will most completely effectuate the legislative intention without running counter to the other, thus harmonizing and bringing the two into a consistent whole."

Although Appellants argue that the passage of KRS 173.710 some four years after KRS 173.450 constituted a repeal of the earlier method, it is the opinion of this court that both of those methods have a useful function. In highly populous districts, it would be virtually impossible to utilize any method other than the "ballot method" provided in KRS 173.450, et seq., while in smaller districts with a more modest population, it is obvious that the "petition method" provided for in KRS 173.710, et seq., would be practical, inexpensive and efficient in accomplishing their goal. Again, it is obvious to this court that two separate methods were intended and provided for by the Legislature and that these methods are not without reason and are reconcilable in accordance with the cases herein above cited. As set out in the case of *Commonwealth ex rel. Martin v. Tom Moore Distillery Co.,* 287 Ky. 125, 152 S.W.2d 962, 967 (1939) "All statutes are presumed to be enacted for furtherance of a purpose on the part of the Legislature and should be construed so as to accomplish that end rather than to render them nugatory."

In considering the action of the Henderson County Fiscal Court in passing both resolutions, we find no significance in the fact that the resolution approving the "ballot method" was passed prior to the resolution approving the "petition method". These two resolutions were approved at the same session of the Henderson County Fiscal Court within a few minutes of each

other and this court considers them to have been passed simultaneously. It seems to this court that the "ballot method" providing for a form of referendum was satisfied by the presentation of petitions containing the signatures of over 3,600 voters who had already cast their vote for the library district. Counsel for Appellees urges that KRS 173.470 provides for a "secret ballot" method in preference to a petition signed by various qualified voters. We are not persuaded that the secret ballot is so sacred as to nullify the petitions filed pursuant to the "petition method" when the statutes provide for the "petition method".

In looking for the intent of the signers of the petition of the "ballot method", we have previously stated that we are unable to ascertain their intent from anything in the record and thus must take into consideration the consequences of their action. It has been long established that "in construing statutes and reconciling conflicts, the courts must ascertain intention . . . from subject matter and may take into consideration the consequences of their enactment in case of conflict." *County Board of Education of Daviess County v. Fiscal Court of Daviess County,* 221 Ky. 106, 298 S.W. 185 (1927). We find in this action that to uphold the "ballot method" would be to set aside and void the "petition method". Fortunately, we have a guideline to ascertain the reason for the enactment of both of these methods as set out in Chapter 173 of the Kentucky Revised Statutes. In relating to the "ballot method" KRS 173.-460 provides as follows: "All of the territory in a county, or in two (2) or more counties contiguous to each other, may be *organized* into a public library district for the purpose of levying a tax for establishing, equipping, maintaining and administering libraries, or for contracting for library service from any existing library."

KRS 173.715 contains exactly the same language. Each of these sections is followed by the two above-described methods of creating a library district, KRS 173.470 and KRS 173.720, which encompass the "ballot method" and the "petition method", respectively.

Each of these sections above quoted provides for a method by which all of the territory in a county "may be *organized* into a public library district" and was not intended to encompass a method by which the territory in any county may be prevented from being organized into a public library district. These were enabling statutes and, as hereinabove stated, were enacted as separate methods to attain the same goal. In our opinion, one method should not be utilized to block another. This court is not saying that it was the intent of those signers of the petition pursuant to the "ballot method" to thwart the efforts of some 3,600 plus citizens, but the effect of that petition under the "ballot method", if we were to accept it, would be to nullify and make void their action. If, in fact, it was the intent of the persons signing the petition pursuant to the "ballot method" to assist in the organizing of a library district and the imposition of a supporting tax, then the decision of this court should certainly meet with their approval because it is our position that this district is now organized by the use of the "petition method".

Because the time for filing a petition for rehearing or a petition for discretionary review in the Supreme Court will not lapse before election day, it is the opinion of this court that the issue in question should, nevertheless, remain on the ballot on November 2, 1976. If the issue is defeated at the polls, it is the opinion of this court that such referendum is null and void, and that the public library district shall be deemed created pursuant to KRS 173.720. If the issue is passed at the polls, the question will then, of course, be moot.

For the reasons above stated, the judgment of the lower court is reversed.