Mary J. AUBREY, Deven D. Brown, Betty J. Burgess, Shirley D. Clark, Debbie S. Curtsinger, Wilma P. Hippe, Jana L. Hudnall, Beverly A. Pennington, Pamela J. Poe, Melinda D. Rogers, and Terri L. Sorrell, Appellants,

v.

OFFICE OF THE ATTORNEY GENERAL A.B. Chandler III, Appointing Authority; Commonwealth of Kentucky Personnel Board, Appellees.

No. 1997–CA–002648–MR.

Court of Appeals of Kentucky.

Oct. 23, 1998.

Ordered Published June 11, 1999.

Donald Duff, Frankfort, Kentucky, for appellants.

Barbara Maggio Pauley, Special Assistant Attorney General, Office of Legal Services Frankfort, Kentucky, for appellees.

Before: HUDDLESTON, KNOPF, and MILLER, Judges.

*OPINION*

KNOPF, Judge.

This is an appeal from an order of the Franklin Circuit Court reversing a ruling of the Kentucky Personnel Board and reinstating the decision of the hearing officer. Finding no error, we affirm.

The underlying facts of this action are not in dispute. Each of the individual appellants is a classified employee with status in the Office of the Attorney General (OAG). They are all classified as Legal Secretary, Senior, Grade 10, except Devon Brown, who is a Legal Secretary, Grade 9. On December 16, 1990, the Legal Secretary class was reevaluated and upgraded by the Commissioner of Personnel through a class grade change within the entire structure of state government. The OAG did not authorize pay increases to the Legal Secretary class as a result of this class grade change.

In August 1995, the OAG requested a five (5) percent increase adjustment for Jane C. Hosley, a Legal Secretary, Senior. (Hosley is not a party to this action). The basis of this request, which was approved by the Commissioner, was 101 Ky. Admin. Regs. [KAR] 2:036 § 3(8). Subsequently, the appellants learned of Ms. Hosley's increase through an open records request

made in November 1995. Each of the appellants appealed to the Personnel Board, claiming that she suffered a continuing "penalization" for not receiving a similar increase. The appellants contend that the application of the pay increase to one (1) individual in the legal secretary class violated 101 KAR 2:036 § 3(7).

The claims were consolidated into one action, and an evidentiary hearing was held before a hearing officer with the Kentucky Personnel Board. The hearing officer found that the increase was proper, and recommended that the appeals be dismissed. The Personnel Board reversed, deleting several of the hearing officer's conclusions of law and substituting its own. The Board found that the request for a pay increase for Hosley was a "circumvention" of the requirement that all increases be uniform within the agency. The Board concluded that § 3(7) prevailed over § 3(8).

The OAG filed an appeal to the Franklin Circuit Court, pursuant to KRS 18A.100 and KRS 13B.140. The circuit court reversed the Board and reinstated the findings made by the hearing officer. After discussing the appropriate standard of review, the lower court found the Board's finding was unsupported by the evidence. The circuit court concluded that § 3(7) did not modify or repeal § 3(8), and that the OAG followed the correct procedures under § 3(8) to give Hosley a pay adjustment. In response to the appellants' motion to reconsider, the circuit court stated, "Here, it is possible to conclude that § 3(7) is intended generally to require all persons within a class to receive the same salary adjustment upon receiving a pay grade increase, while construing § 3(8) to allow the appointing authority some discretion to grant specific pay increases to individual employees without regard for the entire class." This appeal followed.

The sole issue before this Court is which interpretation of the relevant regulations is correct. Although there are some factual questions, this matter is primarily an issue of law. The two (2) regulations at issue, 101 KAR 2:036 § 3(7) and 101 KAR 2:036 § 3(8), provide as follows:

Section 3(7): Pay grade changes. An employee who is advanced to a higher pay grade through a class reevaluation and grade adjustment under Section 7 of this administrative regulation may receive a salary increase as outlined below except that after the salary increase the employee's salary shall not be below the minimum of the new pay grade:

(a) Five (5) percent uniformly applied within the agency;

(b) Ten (10) percent uniformly applied within the agency;

(c) A dollar amount determined by the Commissioner of Personnel uniformly applied in the class within the same agency.

Section 3(8): Other salary adjustments.

(a) An appointing authority, with the approval of the commissioner, may grant a salary adjustment to an employee who was eligible for but did not receive at least a five (5) percent salary advancement due to reallocation to a higher grade, implementation of a special entrance rate, class grade changes, effective on or after January 3, 1986 or completion of a promotional probationary period. In no case may the salary adjustment be more than five (5) percent nor be made retroactive to the original effective date but shall be made effective on the first of the month following approval of the commissioner.

As correctly stated by the trial court, both the circuit court's review and our review of this issue is limited. Where the legislature has designated an administrative agency to carry out a legislative policy by the exercise of discretionary judgment in a specialized field, the courts do not have the authority to review the agency decisions de novo. *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning*

*Commission,* 379 S.W.2d 450, 458 (1964). Judicial review of the administrative action is confined to a determination of whether the action taken was arbitrary. *City of Louisville v. McDonald,* Ky., 470 S.W.2d 173, 178 (1971). So long as the agency's decision is supported by substantial evidence of probative value, it is not arbitrary and must be accepted as binding by the appellate court. *Starks v. Kentucky Health Facilities,* Ky.App., 684 S.W.2d 5 (1984). Substantial evidence is defined as evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable persons. *O'Nan v. Ecklar Moore Express, Inc.,* Ky., 339 S.W.2d 466 (1960). In its role as a finder of fact, an administrative agency is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses, including its findings and conclusions of fact. *Kentucky State Racing Commission v. Fuller,* Ky., 481 S.W.2d 298, 309 (1972). However, this Court is authorized to review issues of law on a de novo basis. *Mill Street Church of Christ v. Hogan,* Ky.App., 785 S.W.2d 263, 266 (1990).

■ The appellants argue that the Personnel Board correctly interpreted § 3(7) as controlling over § 3(8). They assert that § 3(7) requires that all salary increases within a classification be uniformly applied. Since a conflict exists between the provisions of § 3(7) and § 3(8), the appellees contend that § 3(7), being promulgated later in time, should control. Consequently, they argue that the decision of the circuit court was incorrect and should be set aside.

■ Upon a review of the entire record and the briefs and arguments of the parties, this Court finds the reasoning of the circuit court compelling, and this Court adopts the following portions of the circuit court's order of August 15, 1997:

1. By order entered September 22, 1997, the trial court amended its order to modify all references to "Secretary" to reflect references

Whether the Respondents were penalized depends upon whether they had any "rights" in the salary increase given to Hosley. *See* KRS 18A.095(9) and 18A.005(17). Thus, we first determine the interrelationship of Section 3(7) and Section 3(8)(a), based on the evidence presented at hearing.

Petitioner claims that the Board's[1] finding that the OAG "circumvented" Section 3(7) is unsupported by any evidence in the record. We agree. The Board fails to cite any testimony, document, conversation or other evidence which gives a factual basis for his conclusion. A review of the entire record likewise reveals no plausible basis for such a conclusion. The closest argument to this effect was made by the Respondents, in citing Commissioner Clark's testimony on cross-examination. He agreed that if Section 3(8) were used independently of Section 3(7) to allow individual increases, it "could" result in a circumvention of Section 3(7)'s intent that all increases be uniform. However, there is no factual basis in the record for the allegation that the OAG intended to do so in this case.

Former Commissioner Clark testified that Section 3(7) had been amended to require that, in granting pay increases due to a change in pay grade or class, all employees would receive the raise and in the same amounts. This altered the former version which did not require all increases to be uniform. However, Clark also testified that, in his opinion, Section 3(8) was a separate and distinct entity from Section (3)(7), and that requiring the Commissioner's approval of an individual increase under Section 3(8) was an adequate safeguard to circumventing the requirements of Section 3(7). Thus, there is no proof in the record that the OAG had such an intent when granting Hosley an increase but not other Legal Secretaries.

to the "Board." This quote is taken from the order as amended.

In any event, the central question in this case is whether Section 3(7) somehow controls, conditions or overrides the provisions of Section 3(8), which clearly states that the agency may grant an increase to a single employee. We conclude, as a matter of law, that it does not. The two sections were enacted separately, and are contained in separate paragraphs of the regulation. Section 3(7) deals specifically with pay increases *in conjunction with,* and at the time of, pay grade changes or reevaluations. It is true that the Legal Secretary class was reevaluated and changed in 1990. However, the record is clear that no salary increase or adjustment was instituted at the time of this change. Section 3(8), on the other hand, gives an appointing authority the *discretion* to award a salary increase to *"an* employee," (emphasis added), rather than to an entire grade or class.

Validly promulgated and executed regulations have the full force and effect of law. *Britton v. Wooten,* Ky., 817 S.W.2d 443, 447 (1991). Thus, "in the construction and interpretation of administrative regulations, the same rules apply that would be applicable to statutory construction and interpretation." *Revenue Cabinet v. Gaba,* Ky.App., 885 S.W.2d 706, 707 (1994) (citing *Revenue Cabinet v. Joy Technologies,* Ky.App., 838 S.W.2d 406 (1992)). It is a fundamental rule that "all statutes should be interpreted to give them meaning, with each section construed to be in accord with the statute as a whole." *Transportation Cabinet v. Tarter,* Ky.App., 802 S.W.2d 944 (1990). Statutes should not be construed such that their provisions are without meaning, whether in part or in whole. *George v. Scent,* Ky., 346 S.W.2d 784 (1961). To rule that the provisions of Section 3(7) override the specific authorization to increase an individual employee's salary would render Section 3(8) a nullity.

The Respondents claim that, because Section 3(7) was amended to stress uniform increases after the enactment of Section 3(8), the more recent provisions should take precedence. *See Williams v. Commonwealth,* Ky.App., 829 S.W.2d 942 (1992). However, this is only the case where the provisions actually conflict. *Id.* "The courts have long held that where two statutes seemingly conflict, courts must harmonize them and give them such construction as will give effect to each if possible." *Board of Trustees v. Henderson County Fiscal Ct.,* Ky.App., 549 S.W.2d 828 (1976) (citing *General Motors Acceptance Corporation v. Shuey,* 243 Ky. 74, 47 S.W.2d 968 (1932); *Tubbs v. Commonwealth,* 248 Ky., 24, 58 S.W.2d 236 (1933)). Moreover, the fact that the provisions of Section 3(8) were not specifically repealed or removed when Section 3(7) was amended tends to indicate an intent not to disturb their effect.

We feel that the better interpretation of the statutes would be to give full effect to the provisions of Section 3(8). While the regulations indicated a strong policy in favor of uniform salary increases, the specific language of Section 3(8) clearly demonstrates an intent to allow an agency to grant individual increases in pay, upon certain specific criteria being met. The agency must also have the Commissioner's approval before the pay increase is granted.[2] We find that there are adequate safeguards in place such that the intent of Section 3(7) cannot be

---

**2.** In the trial court's order of September 22, 1997, denying the appellants' motion to reconsider, the court noted "several persuasive factors in Ms. Hosley's case which place it within the discretion under § 3(8)." The trial court was particularly convinced by: the long intervening time between the class reevaluation and the pay increase; and the "great lengths" the OAG went to note Hosley's outstanding record, dedicated service and exceptional skills. "Because the individual service record was a major factor in requesting the increase, we remain convinced that such an increase was within the discretion outlined in § 3(8)."

circumvented by denying a class-wide increase and then granting several individual increases under Section 3(8) to exclude one or two unfavorable employees. This discretionary authority was left undisturbed by the agency, and there is no specific law or regulation to the contrary.

Accordingly, the judgment of the Franklin Circuit Court is affirmed.

All concur.