RENDERED:  APRIL 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0022-MR

VIKING ACQUISITION GROUP, LLC                                          APPELLANT

v.
APPEAL FROM PIKE CIRCUIT COURT
HONORABLE EDDY COLEMAN, JUDGE
ACTION NO. 19-CI-00993

COMMONWEALTH OF KENTUCKY,
ENERGY AND ENVIRONMENT
CABINET AND REBECCA W.
GOODMAN, SECRETARY, ENERGY
AND ENVIRONMENT CABINET                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Viking Acquisition Group, LLC (Viking) appeals an Opinion

and Order entered December 23, 2020, by the Pike Circuit Court granting

summary judgment in favor of the Commonwealth of Kentucky, Energy and

Environment Cabinet (Cabinet).  We affirm.

**Background**

In 2011, the Cabinet issued a surface coal mining and reclamation permit to Viking. The permit involved approximately 394 acres of land in Pike County, Kentucky. In order to obtain the permit, Viking was required to post various performance bonds. The permit expired in September of 2014. Also, beginning in 2014, the Cabinet issued at least ten notices of noncompliance and failure to abate cessation orders. Viking failed to contest the factual basis of each noncompliance, resulting in final orders from the Cabinet's Secretary in each instance. On March 27, 2017, pursuant to 405 Kentucky Administrative Regulations (KAR) 10:050, the Cabinet initiated the forfeiture of the bonds on the permit and issued a Determination of Bond Forfeiture to Viking, forfeiting all bonds and citing the numerous notices of noncompliance and failure to abate cessation orders.[1]

On May 23, 2017, Viking filed a petition for review with the Cabinet pursuant to 400 KAR 1:110, Section 9, challenging the Cabinet's determination. Therein, the sole issue raised by Viking was the Cabinet's failure to file a petition for an administrative hearing to initiate a bond forfeiture action in accordance with

---

[1] Viking Acquisition Group, LLC (Viking), did not file a petition for an administrative hearing within thirty days to contest the assessment of civil penalties as provided by 405 Kentucky Administrative Regulations (KAR) 7:092, Section 9, recodified to 400 KAR 1:110, Section 7, effective Aug. 4, 2017.

400 KAR 1:110, Section 5. The parties filed cross-motions for summary disposition and the Administrative Hearing Officer recommended bond forfeiture and permit revocation. Viking filed exceptions to the Hearing Officer's report; however, the Cabinet's Secretary entered a final order on August 23, 2019, adopting the Hearing Officer's report and recommendations without modification. Thereafter, on September 23, 2019, Viking filed a complaint in the Pike Circuit Court seeking review of the Cabinet's final order. Cross-motions for summary judgment were filed by the parties. Following a hearing on the motions, the circuit court entered an Opinion and Order on February 23, 2020, granting summary judgment to the Cabinet. This appeal followed.

## Standard of Review

Customarily, our review of a summary judgment is guided by Kentucky Rules of Civil Procedure (CR) 56.03 and *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991). However, judicial review of an administrative agency's decision is generally concerned with arbitrariness. Our review is provided by Kentucky Revised Statutes (KRS) 13B.160 and is guided by KRS 13B.150:

> (2) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the final order or it may reverse the final order, in whole or in part, and remand the case for further proceedings if it finds the agency's final order is:

(a) In violation of constitutional or statutory provisions;

(b) In excess of the statutory authority of the agency;

(c) Without support of substantial evidence on the whole record;

(d) Arbitrary, capricious, or characterized by abuse of discretion;

(e) Based on an ex parte communication which substantially prejudiced the rights of any party and likely affected the outcome of the hearing;

(f) Prejudiced by a failure of the person conducting a proceeding to be disqualified pursuant to KRS 13B.040(2); or

(g) Deficient as otherwise provided by law.

To the extent questions of law arise out of an administrative proceeding, the court's review is *de novo*. *Aubrey v. Off. of the Att'y Gen.*, 994 S.W.2d 516, 519 (Ky. App. 1998). Further,

> [t]he purpose of judicial review of an appeal from an administrative agency is to ensure that the agency did not act arbitrarily. *Baesler v. Lexington-Fayette Urban County Government*, 237 S.W.3d 209 (Ky. App. 2007). If the Court concludes that the agency applied the correct rule of law to the facts supported by substantial evidence, the final order of the agency must be affirmed. *Bowling v. Natural Resources and Environmental Protection Cabinet*, 891 S.W.2d 406 (Ky. App. 1994).

*Com., Energy and Env't Cabinet v. Spurlock*, 308 S.W.3d 221, 223 (Ky. App. 2010).

## Analysis

We begin by noting that Viking has not, at any time, made a factual argument regarding the Notices of Non-Compliance or the resulting final orders of the Cabinet's Secretary. The only issue Viking has presented is whether the Cabinet followed the proper administrative procedure set out in the applicable regulations regarding the forfeiture of the bonds. Specifically, Viking argues the Cabinet improperly proceeded under 405 KAR 10:050, which does not require a hearing prior to forfeiture of the bonds. Viking asserts the Cabinet is required to conduct an administrative hearing prior to bond forfeiture pursuant to 400 KAR 1:110, Section 5(1)(c) because this regulation is more specific regarding bond forfeiture.[2] Like the circuit court, we disagree with this argument.

405 KAR 10:050 is entitled "Bond Forfeiture" and states, in relevant part,

> NECESSITY, FUNCTION, AND CONFORMITY:
> KRS Chapter 350 requires the cabinet to regulate surface coal mining and reclamation operations in a manner as to ensure that satisfactory reclamation is accomplished. This administrative regulation establishes the procedures and criteria by means of which a bond may be forfeited to the cabinet. This administrative regulation establishes that certain violations of KRS Chapter 350 and administrative regulations promulgated pursuant to that chapter may cause a bond to be forfeited. This administrative regulation establishes that a hearing may

---

[2] When two statutes involve the same subject matter, one broadly and one specifically, the specific statute is controlling. *Destock #14, Inc. v. Logsdon*, 993 S.W.2d 952, 959 (Ky. 1999).

be requested before forfeiture can be effected.  This administrative regulation establishes the method to determine the amount of bond forfeiture.

405 KAR 10:050 Section 2 is entitled "Procedures" and states, in relevant part,

> (1) Except as established in subsection (2) of this section, if forfeiture of the bond is required by Section 3 of this administrative regulation, the cabinet **shall**:
>
> > (a) Send written notification by certified mail, return receipt requested, to the permittee, and to the surety on the bond, if applicable, of the cabinet's determination to initiate forfeiture of the bond and the reasons for the forfeiture;
> >
> > (b) Advise the permittee and surety, if applicable, of their right to challenge the determination pursuant to 400 KAR 1:110, Section 9; and
> >
> > (c) If no hearing is requested within thirty (30) days following notification and the bond proceeds are not received, enter a final order of forfeiture and proceed in an action for collection on the bond.
>
> (2) The cabinet **may**, as an alternative to following the procedures of subsection (1) of this section, initiate formal hearing procedures concerning forfeiture of the bond alone or in conjunction with the cabinet's action for other appropriate remedies against the permittee pursuant to 400 KAR 1:110, Section 5.

(Emphasis added.)

-6-

405 KAR 10:050 Section 3 is entitled "Criteria for Forfeiture" and states, in relevant part,

(1) A bond for a permit area or increment **shall** be forfeited, if the cabinet finds that:

(a) The permittee has violated any of the terms or conditions of the bond and has failed to take corrective action;

(b) The permittee has failed to conduct the surface mining and reclamation operations in accordance with KRS Chapter 350, the conditions of the permit or 405 KAR Chapters 7 through 24 within the time required;

(c) The permit for the area or increment under bond has been revoked or the operation terminated, unless the permittee, surety, or other financial institution providing bond assumes liability pursuant to an agreement for the completion of reclamation; or

(d) The permittee, surety, or other financial institution providing bond has failed to comply with a compliance schedule approved pursuant to Section 1(2) or (3) of this administrative regulation.

. . . .

(2) A bond **may** be forfeited if the cabinet finds that:

(a) 1. The permittee has become insolvent; or

2. A creditor of the permittee has
attached or executed judgment
against the permittee's equipment,
materials, or facilities, at the permit
area; and

(b) The permittee cannot demonstrate or
prove the ability to continue to operate in
compliance with KRS Chapter 350, 405
KAR Chapters 7 through 24, and the permit.

(Emphasis added.)

The Cabinet argues the bond forfeiture was required by 405 KAR

10:050, Section 3(1)(a) and Section 3(1)(b). Viking does not dispute any facts

relating to that determination. The Cabinet also argues it complied with the

requirements of 405 KAR 10:050 Section 2(1) by providing notice to Viking and

informing Viking of its right to a hearing. Viking does not dispute that it received

notice. However, as the Cabinet points out, 405 KAR 10:050 Section 2(2)

provides that the Cabinet "may," in the alternative, initiate formal hearing

procedures for bond forfeiture pursuant to 400 KAR 1:110 Section 5. In other

words, the Cabinet argues the regulation provides a choice in how it is to proceed

and it is not required to initiate a hearing.

We now turn to 400 KAR 1:110, which is entitled "Administrative

hearings relating to matters brought under KRS Chapter 350 or KRS 351.310

through 351.375[.]" The regulation states, in relevant part,

NECESSITY, FUNCTION, AND CONFORMITY:
KRS Chapter 350 requires the cabinet to promulgate
rules and administrative regulations pertaining to surface
coal mining and reclamation operations and coal
exploration operations.  KRS Chapter 351 authorizes the
cabinet to promulgate rules and administrative
regulations pertaining to explosives and blasting
operations.  This administrative regulation establishes
hearing, conference, notice, penalty assessment, and
other procedural and due process provisions for the
permanent regulatory program under KRS Chapter 350,
and the hearing procedures pursuant to KRS Chapter 351.

Additionally, 400 KAR 1:110 Section 5(1)(c) states,

The cabinet **shall** initiate an administrative hearing and
shall seek revocation of the permit and forfeiture of the
bond or suspension of the permit pursuant to KRS
Chapter 350 if:

> 1. The permittee, operator, or person has
> willfully failed to comply with a cessation
> order; or
>
> 2. The criteria of 405 KAR 10:050, Section
> 3(1) apply.

(Emphasis added.)

Viking argues that 400 KAR 1:110 Section 5 is the more specific

regulation because it provides only one procedure for bond forfeiture, *i.e.*, the

Cabinet must initiate a hearing.  We disagree.  Looking to the titles of the two

regulations, it is clear that 405 KAR 10:050 is specific to bond forfeiture and 400

KAR 1:110 applies generally to administrative hearings and penalty assessments.

Moreover, the "Necessity, Function, and Conformity" section of 405 KAR 10:050

specifically states that it "establishes the procedures and criteria by means of which a bond may be forfeited to the [C]abinet." This includes specifics such as forfeiture by increment, abatement procedures, and agreements regarding compliance schedules. We agree with the Cabinet Secretary's reasoning that, should Viking's argument prevail, 405 KAR 10:050 would be rendered meaningless. By accepting the Cabinet's argument, the two supposedly conflicting regulations are harmonized by providing the Cabinet with a choice in how to proceed with regard to bond forfeiture.[3] We find no error in this interpretation.

Accordingly, we do not agree with the circuit court's reasoning that the two regulations are equally specific with regard to bond forfeiture and its finding that, "[h]ad this been an original case between two competing statutory provisions, the Court would be inclined to rule that the provisions are irreconcilable and give effect to neither[.]" December 23, 2020, Opinion and Order at 7 (footnote omitted). However, we do agree with the circuit court's conclusion that a court "is not free to substitute its judgment as to the proper interpretation of the agency's regulations as long as that interpretation is compatible and consistent with the statute under which it was promulgated and is not otherwise defective as arbitrary or capricious." December 23, 2020, Opinion and Order at 7 (quoting

---

[3] By analogy, our analysis is similar to how we approach the harmonization of statutes, being cognizant of the purposes that the underlying statutes intended to accomplish. *See Campbell Cnty. Libr. Bd. of Trs. v. Coleman*, 475 S.W.3d 40, 46-47 (Ky. App. 2015).

*Commonwealth, Cabinet for Health Servs. v. Family Home Health Care, Inc.*, 98 S.W.3d 524, 527 (Ky. App. 2003) (citation omitted)); *see also* KRS 13B.150(2). We cannot say that the Cabinet's interpretation of the relevant regulations was incompatible or inconsistent with any statutory authority in KRS Chapters 350 and 351, nor can we say that the Cabinet's conduct was arbitrary or capricious.

In conclusion, we affirm the circuit court's order granting summary judgment in favor of the Cabinet upholding the bond forfeiture.[4]

ALL CONCUR.

BRIEFS FOR APPELLANT:

Billy R. Shelton
Jordan W. Morgan
Lexington, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY, ENERGY AND
ENVIRONMENT CABINET:

Lance Huffman
Erritt Griggs
Frankfort, Kentucky

---

[4] "If the summary judgment is sustainable on any basis, it must be affirmed." *Fischer v. Fischer*, 197 S.W.3d 98, 103 (Ky. 2006).

-11-