**REVENUE CABINET, COMMONWEALTH of Kentucky, Appellant,**

v.

**Charles R. GABA, P.S.C., d/b/a Center for Cosmetic Surgery, Appellee.**

**No. 93–CA–001375–MR.**

Court of Appeals of Kentucky.

Aug. 5, 1994.

Ordered Published by
Court of Appeals Oct. 7, 1994.

Douglas M. Dowell, Jennifer Sartor Smart, Frankfort, for appellant.

Michael W. McGrath, Jr., Louisville, for appellee.

Before DYCHE, EMBERTON, and SCHRODER, JJ.

## OPINION

SCHRODER, Judge:

This is an appeal pursuant to KRS 131.370 from a decision of the Jefferson Circuit Court in which it held that purchases of defined-prescription drugs and medicines by appellee were exempt from sales and use tax. The central issue on appeal is whether these purchases by appellee were exempt pursuant to KRS 139.472 and 103 KAR 26:020. After thoroughly reviewing the record and applicable authorities, we adjudge that the lower court erred in finding the purchases exempt, thus, we reverse.

The facts in this case are not in dispute. Following a sales and use tax audit for the period of January 1, 1979, through December 31, 1989, appellant, the Revenue Cabinet, Commonwealth of Kentucky, hereafter "Cabinet," issued a sales and use tax assessment of $4105 against Charles R. Gaba, appellee, hereafter "Gaba." Gaba is a dermatologist doing business as The Center for Cosmetic Surgery. He purchased drugs and medicines, which would require a prescription by an authorized medical doctor if sold by a pharmacist, from out-of-state vendors, who did not collect Kentucky sales tax on the purchases. All the drugs and medicines were injected into the patients by Gaba or one of his assistants in the course of the patients' treatment within Gaba's medical offices. None of the drugs or medicines in question were prescribed by Gaba to his patients for use outside of his office or to be administered by someone other than Gaba or one of his assistants under his direction. The patients were billed separately for all drugs and medicines injected into their bodies and such charge was in addition to the professional services rendered by Gaba.

Gaba protested the assessment pursuant to KRS 131.110, and the Cabinet issued a final ruling upholding the assessment on February 13, 1990. Consequently, Gaba appealed to the Kentucky Board of Tax Appeals in claiming that the transactions for which he was taxed were exempt under KRS 139.472. The Board upheld the Cabinet's assessment in finding that the exemption claimed by Gaba was not applicable.

Thereafter, the Jefferson Circuit Court reversed and remanded the Board's decision. In its decision, the circuit court found that Gaba's administering defined prescription medicine by injection to his patients and charging his patients a separate fee for the injections was a manner of "supplying and dispensing" medicine and drugs which falls under the exclusionary language of 103 KAR 26:020(2). Therefore, the lower court held Gaba was exempt from the sales and use tax pursuant to KRS 139.472. Based on the finding, the Cabinet appealed to this Court.

On appeal, the central issue before this Court is whether the circuit court erred in holding that the defined prescription drugs and medicines purchased by Gaba, and later injected into his patients during their treatment, were exempt from the sales and use tax pursuant to KRS 139.472 and 103 KAR 26:020. KRS 139.472, in pertinent part, provides for a sales and use tax exemption of prescription medicine, and defines prescription medicine as follows:

(1) "Prescription medicine" shall mean and include: (a) Any substance or preparation intended for use by external or internal application to the human body in the diagnosis, cure, mitigation, treatment or prevention of disease and which is commonly recognized as a substance or preparation intended for such use which is prescribed for the treatment of a human being by a person authorized to prescribe the medicines and dispensed on prescription by a registered pharmacist in accordance with law;

To further clarify the sales and use tax as it applies to physicians, 103 KAR 26:020 was promulgated. 103 KAR 26:020 reads in pertinent part:

(1) Physicians and surgeons are the consumers of the materials, supplies, or other items of tangible personal property which they use in performing their services. The tax accordingly applies to the sale of the tangible personal property to them. Drugs, medicines and other tangible personal property which are personally administered by a physician or surgeon or by an assistant under his direction during

treatment of a patient are not the subject of a "retail sale." ...

(2) A physician or surgeon who supplies or dispenses medicine and drugs for a separate retail price will be considered to be dispensing prescription medicine exempt from the sales and use tax if such medicines or drugs would require a prescription is [sic] sold by a pharmacist. Records of sales for which an exemption is claimed must be kept in a manner permitting ready inspection by the Revenue Cabinet.

The Cabinet contends that Gaba's administering defined prescription medicine by injection to his patients in his offices instead of writing prescriptions of medication for his patients' own administration is not equivalent to "dispensing or supplying" prescription medication pursuant to section 2. On the contrary, the Cabinet argues that Gaba only provided a professional service in administering medication by injection to his patients during their care and treatment. As a result, Gaba used up or consumed the drugs and medicine he purchased from the vendors in performing this service and he should be taxed on said purchases pursuant to 103 KAR 26:020(1). We agree.

It is well settled that in the construction and interpretation of administrative regulations, the same rules apply that would be applicable to statutory construction and interpretation. *Revenue Cabinet v. Joy Technologies, Inc.,* Ky.App., 838 S.W.2d 406 (1992). A court may not interpret a statute at variance with its stated language. *Layne v. Newberg,* Ky., 841 S.W.2d 181 (1992). Further, although in general, tax statutes are to be strictly construed in favor of the taxpayer, in cases of statutory exemptions from taxation, the converse is true. *Stoner Creek Stud, Inc. v. Revenue Cabinet,* Ky.App., 746 S.W.2d 73, 75 (1987). In cases of statutory exemption construction, ambiguities must be strictly construed against the taxpayer. *Id.* at 75, citing *Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet,* Ky., 689 S.W.2d 14, 18 (1985) and *Banahan v. Presbyterian Housing Corp.,* Ky., 553 S.W.2d 48, 51 (1977).

 In the case at bar, in strictly construing the regulatory language against the taxpayer, Gaba, it is clear that the exemption is limited to situations where drugs and medicines are prescribed for the treatment of patients by an authorized person and dispensed by a registered pharmacist. As a result, we adjudge that administering defined prescription medicine by injection is not equivalent to supplying or dispensing medicine. Therefore, since it is undisputed that Gaba injected all the drugs and medicine into his patients and none of the medication in question was provided by Gaba to his patients to be taken outside of his office and administered by the patient, we believe that the transactions are not exempt from the sales and use tax pursuant to KRS 139.472 and 103 KAR 26:020(2).

Accordingly, the judgment of Jefferson Circuit Court is reversed and remanded for proceedings consistent with this opinion.

EMBERTON, J., concurs.

DYCHE, J., dissents.