RENDERED: SEPTEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0191-MR

SHERRI CHAPPELL                                       APPELLANT


v.               APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 18-CI-00129


KENTUCKY TRANSPORTATION
CABINET; KENTUCKY PERSONNEL
BOARD; KENTUCKY PERSONNEL
CABINET; AND KENTUCKY
SECRETARY OF TRANSPORTATION,
FORMERLY GREG THOMAS, AS
APPOINTING AUTHORITY                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; GOODWINE AND McNEILL, JUDGES.

GOODWINE, JUDGE: Sherri Chappell ("Chappell") appeals the judgment of the

Franklin Circuit Court affirming the order of the Kentucky Personnel Board (the

"Board"). We affirm.

## BACKGROUND

In 2013, Chappell was employed by the Kentucky Transportation Cabinet ("KYTC") as a Transportation Engineer II, a classified position, earning $4,943.36 per month. That year, she resigned from her position to become an Executive Director for KYTC, an unclassified position, earning $8,583.34 per month. In 2016, she was asked to resign from her position as Executive Director but was told she could return to her prior Transportation Engineer II position. Chappell alleges KYTC agreed her salary would be $5,759.80 per month when she returned to her prior job. However, before she resigned, she was informed by the Kentucky Personnel Cabinet (the "Cabinet") that her monthly salary would be $4,707.96. Thereafter, she resigned as Executive Director and returned to her prior position as Transportation Engineer II.

Chappell appealed the Cabinet's decision regarding her salary to the Board arguing she was entitled to $5,759.80 per month under 101 KAR[1] 2:034 Section 2(2)(b). Under the same regulation, the Cabinet argued it assigned Chappell the correct salary.[2] The Board affirmed the Cabinet's interpretation of

---

[1] Kentucky Administrative Regulations.

[2] In its answer, KYTC admits an official advised Chappell that her salary would be $5,759.80 per month when she returned to her position as Transportation Engineer II. Other than filing the answer, KYTC did not participate in this matter below and has not filed a brief herein.

101 KAR 2:034 Section 2(2)(b).  Upon Chappell's appeal, the circuit court affirmed the Board's decision.  This appeal followed.

## NON-COMPLIANCE WITH CR[3] 76.12

Before reaching the merits of Chappell's appeal, we must address the serious deficiencies in her brief under CR 76.12(4)(c).  Although Chappell is proceeding *pro se*, she is not exempt from compliance with the civil rules.  *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019).

First, an appellant's brief must include a statement of the case "consisting of a chronological summary of the facts and procedural events necessary to an understanding of the issues presented by the appeal, with ample references to the specific pages of the record, . . . supporting each of the statements narrated in the summary."  CR 76.12(4)(c)(iv).  "It is fundamental that it is an [a]ppellant's duty and obligation to provide citations to the record regarding the location of the evidence and testimony upon which he relies to support his position, and if an appellant fails to do so, we will accordingly not address it on the merits."  *Commonwealth v. Roth*, 567 S.W.3d 591, 594 (Ky. 2019) (internal quotation marks and citation omitted).  Chappell's brief is entirely devoid of citations to the record in this matter.

---

[3] Kentucky Rules of Civil Procedure.

Next, an appellant's argument must include "ample supportive references to the record and citations of authority pertinent to each issue of law[.]" CR 76.12(4)(c)(v). "It is not our function as an appellate court to research and construct a party's legal arguments. . . . We will not search the record to construct [the appellant's] argument for [her], nor will we go on a fishing expedition to find support for [her] underdeveloped arguments." *Prescott v. Commonwealth*, 572 S.W.3d 913, 923 (Ky. App. 2019). Chappell only sparsely cites to relevant authority and again fails to cite to the record in support of her argument.

Furthermore, an appellant's brief must, at the beginning of each argument, include "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v). Preservation statements ensure "the reviewing Court[] can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration." *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). Chappell's argument contains no preservation statements.

"Compliance with CR 76.12 is mandatory." *Bewley v. Heady*, 610 S.W.3d 352, 355 (Ky. App. 2020) (citation omitted). We would be within our discretion to dismiss Chappell's appeal for her failure to comply with the civil rules. *Koester*, 569 S.W.3d at 415. However, we will instead review the issues

-4-

raised by Chappell for manifest injustice only.[4]  *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

## STANDARD OF REVIEW

On review for manifest injustice, "the required showing is probability of a different result or error so fundamental as to threaten a [party's] entitlement to due process of law."  *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006).

## ANALYSIS

On appeal, Chappell makes the following arguments:  (1) the circuit court applied the incorrect standard of review in its judgment; (2) the circuit court incorrectly interpreted 101 KAR 2:034 Section (2)(2)(b); and (3) the circuit court should not have given weight to the affidavit of Mary Elizabeth Bailey.[5]

First, the circuit court applied the appropriate standard of review. Chappell takes issue with the circuit court's citation to *Commonwealth, Transportation Cabinet Department of Vehicle Regulation v. Cornell*, 796 S.W.2d 591, 594 (Ky. App. 1990) (citation omitted), wherein this Court held "[j]udicial review of an administrative agency's action is concerned with the question of

---

[4] Our decision to review for manifest injustice only is based solely on Appellant's failure to comply with CR 76.12(4)(c)(v), which sets forth the requirement for preservation statements. *See Blackaby v. Barnes*, 614 S.W.3d 897, 900 n.4 (Ky. 2021) (indicating palpable error review is appropriate only where briefing defect pertains to statements regarding preservation of error).  Appellant's argument contains no preservation statements.

[5] In her brief, Chappell concedes to the correctness of the circuit court's decision regarding her argument on equitable estoppel.  Therefore, we will not address this issue on appeal.

arbitrariness." This is correct. Furthermore, "[j]udicial review of an administrative decision is limited to a determination of whether the agency acted within the constraints of its statutory powers, whether the agency's procedures afforded procedural due process, and whether the agency's decision is supported by substantial evidence of record." *Carreer v. Cabinet for Health and Family Services*, 339 S.W.3d 477, 481 (Ky. App. 2010) (citation omitted).

Chappell is correct insofar as she accurately identifies *de novo* as the standard of review for questions of statutory interpretation. *Kentucky Authority for Educational Television v. Estate of Wise*, 614 S.W.3d 506, 510 (Ky. App. 2020) (citation omitted). Herein, the Board determined 101 KAR 2:034 Section 2(2)(b) ambiguous and relied upon the Cabinet's "long-standing construction of the language in this regulation" in reaching its decision. Record ("R.") at 45. On review, although the circuit court affirmed the Board's decision, it determined the regulation was not ambiguous. *Id.* at 99. The circuit court appropriately reviewed the regulation in question without deference to the Board's interpretation. Therefore, the circuit court did not err, and no manifest injustice resulted.

Next, the circuit court correctly interpreted 101 KAR 2:034 Section 2(2)(b). Chappell does not contest the circuit court's finding that the regulation is unambiguous but rather argues a plain reading of the regulation entitles her to a higher salary.

Former unclassified employees with prior classified service. An appointing authority shall set the salary of a former classified employee who moved to the unclassified service and who is reinstated, reemployed, or probationarily appointed to a position in the classified service in one (1) of the following ways:

1. In accordance with the standards for making new appointments;

2. Up to the same salary as that paid at the time of separation from the classified service, if that salary does not exceed the pay grade midpoint salary plus the difference, in dollars, between the job class entry level salary and the pay grade midpoint salary;

3. At a salary that is the same as the salary the employee last received in the classified service with adjustments for increases that would have been received if the employee had remained in the classified service prior to resignation if the salary does not exceed the pay grade midpoint salary plus the difference, in dollars, between the job class entry level salary and the pay grade midpoint salary; or

4. At a salary up to five (5) percent above the pay grade entry level wage for each year of service in the KRS Chapter 18A system, if the salary does not exceed the pay grade midpoint salary plus the difference, in dollars, between the job class entry level salary and the pay grade midpoint salary. Salary shall be calculated using whole percentages.

101 KAR 2:034 Section 2(2)(b). The monthly salary minimum and midpoint for the position of Transportation Engineer II are $3,553.88 and $4,707.96, respectively. However, the position also has a special entrance rate of $4,707.96, meaning any newly hired individual would receive a salary of at least the midpoint

salary.   Chappell argues she is entitled to $5,862.04 per month, the midpoint salary plus the difference between the salary minimum and midpoint.[6]  The Cabinet reasons there is no difference between the job class entry level salary and the pay grade midpoint salary because the special entrance rate is the entry level salary, making the entry level salary and the midpoint salary one and the same.

At issue in this matter is the meaning of "entry level salary" as it is used in 101 KAR 2:034 Section 2(2)(b).  "It is well settled that in the construction and interpretation of administrative regulations, the same rules apply that would be applicable to statutory construction and interpretation."  *Revenue Cabinet, Commonwealth v. Gaba*, 885 S.W.2d 706, 708 (Ky. App. 1994) (citation omitted). To interpret a regulation, we "accord to words of a [regulation] their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion."  *Cosby v. Commonwealth*, 147 S.W.3d 56, 59 (Ky. 2004) (citation omitted).  We need not look beyond the plain language of the regulation so long as its meaning is clear.  *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017) (citation omitted).

The job description for Transportation Engineer II does not use the phrase "entry level salary."  Instead, it refers to both the minimum salary and the

---

[6] Initially, Chappell argued she was entitled to $5,759.80, the monthly salary agreed to by KYTC.  However, during the proceedings before the circuit court, she argued $5,862.04 was the maximum salary she was allowed under 101 KAR 2:034 Section 2(2)(b).

special entrance rate. For the position of Transportation Engineer II, no newly hired individual receives a salary of less than $4,707.96 per month, making the special entrance rate the entry level salary. Because this amount equals the midpoint, there is no difference between the entry level and midpoint salaries. Therefore, under 101 KAR 2:034 Section 2(2)(b), Chappell is entitled to a monthly salary no greater than $4,707.96. The circuit court did not err, and no manifest injustice occurred.

Finally, Chappell argues the circuit court should not have given weight to the affidavit of Mary Elizabeth Bailey, Commissioner for the Department of Human Resources Administration for the Cabinet. She attempts to bolster her position with conclusory statements and unsupported allegations regarding the veracity of the information contained in the affidavit. "[M]ere conclusory statements[] form an insufficient basis upon which this Court can grant relief." *Jones v. Livesay*, 551 S.W.3d 47, 52 (Ky. App. 2018). Therefore, we cannot find the circuit court erred.

## CONCLUSION

Based on the foregoing, the judgment of the Franklin Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Sherri Chappell, *pro se*
London, Kentucky

BRIEF FOR APPELLEE,
KENTUCKY PERSONNEL
CABINET:

Rosemary G. Holbrook
Frankfort, Kentucky