RENDERED:  DECEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1162-MR


RENT-A-CENTER EAST, INC.                                APPELLANT


|              | APPEAL FROM FRANKLIN CIRCUIT COURT |
|--------------|-------------------------------------|
| v.           | HONORABLE THOMAS D. WINGATE, JUDGE  |
|              | ACTION NO. 23-CI-00271              |


DEPARTMENT OF REVENUE,
FINANCE AND ADMINISTRATION
CABINET, COMMONWEALTH OF
KENTUCKY                                                APPELLEE

AND


NO. 2024-CA-1167-MR


DEPARMENT OF REVENUE,
FINANCE AND ADMINISTRATION
CABINET, COMMONWEALTH OF
KENTUCKY                                          CROSS-APPELLANT


|              | CROSS-APPEAL FROM FRANKLIN CIRCUIT COURT |
|--------------|-------------------------------------------|
| v.           | HONORABLE THOMAS D. WINGATE, JUDGE        |
|              | ACTION NO. 23-CI-00271                    |


RENT-A-CENTER EAST, INC.                            CROSS-APPELLEE

\*\* \*\* \*\* \*\* \*\*

BEFORE:  ECKERLE, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Rent-A-Center East, Inc., (Rent-A-Center) brings Appeal No. 2024-CA-1162-MR, from an August 27, 2024, Opinion and Order of the Franklin Circuit Court, and the Department of Revenue, Finance and Administration Cabinet, Commonwealth of Kentucky, (Department of Revenue) brings Cross-Appeal No. 2024-CA-1167-MR from the August 27, 2024, Opinion and Order of the Franklin Circuit Court.  We affirm.

Rent-A-Center is a national chain that rents and sells goods to consumers in Kentucky.  By far, the dominant part of Rent-A-Center's business is renting or leasing goods to consumers on a rent-to-own basis under Rental Purchase Agreements.  Some of the goods rented by Rent-A-Center consist of household goods, which range from appliances to furniture.  The household goods may be rented on a weekly, biweekly, or monthly basis.  In the Rental Purchase Agreement used by Rent-A-Center, ownership of a household good rented by the consumer is retained by Rent-A-Center until the item is actually purchased by the customer.  There are approximately thirty Rent-A-Center stores in Kentucky.

In 2013, the Department of Revenue issued to Rent-A-Center Notices of Tax Due concerning additional *ad valorem* tangible personal property taxes due

on goods located in both Rent-A-Center's stores and customers' homes. In these Notices, the Department of Revenue asserted that Rent-A-Center owed additional *ad valorem* taxes for 2008-2011. The Department of Revenue believed that Rent-A-Center undervalued tangible personal property for tax purposes and improperly underpaid taxes on such property. Rent-A-Center protested the tax assessments. Kentucky Revised Statutes (KRS) 131.110(1). Rent-A-Center claimed that the personal property was not undervalued and was, in fact, exempt from taxation per Kentucky Constitution Section 170. Rent-A-Center argued that the personal property at issue constituted household goods and that such household goods were currently in homes being used by its customers. Under Kentucky Constitution Section 170, Rent-A-Center maintained that household goods of a person used in his home were exempt from taxation; thus, it owed no taxes on such household goods. Alternatively, Rent-A-Center asserted that the household goods were misclassified and should be taxed under the inventory tax rate set forth in KRS 132.020(1)(n). The Department of Revenue disagreed with Rent-A-Center and issued Final Ruling No. 2014-30 to that effect.

Thereupon, Rent-A-Center appealed the Final Ruling to the Kentucky Board of Tax Appeals (Board). KRS 131.110(4); KRS 49.220. The Board issued two orders. Initially, by order rendered May 4, 2022, the Board granted the Department of Revenue's motion for partial summary judgment and concluded that

Kentucky Constitution Section 170 did not exempt from taxation household goods leased or rented to customers by Rent-A-Center. The Board concluded that the household goods' exemption set forth in Kentucky Constitution Section 170 "requires that the goods be owned by the person in whose home they are used." May 4, 2022, order at 5. And, under the Rental Purchase Agreement between Rent-A-Center and its customers, the Board pointed out that Rent-A-Center owned the household goods, and the consumers rented the household goods until all payments were made or the consumers exercised the right to purchase the household goods. Thereafter, by Findings of Fact, Conclusions of Law, and Final Order rendered on February 22, 2023, the Board concluded that the household goods at issue were "'goods held for sale in the regular course of business' [sic] and should be taxed at the rate of $0.05 per $100 of value pursuant to KRS 132.020(1)(n)."[1] Final Order at 7-8.

On March 27, 2023, the Department of Revenue filed a petition for review in the Franklin Circuit Court. KRS 49.250; KRS 13B.140. In the petition, the Department of Revenue asserted that the Board erroneously determined that household goods owned by Rent-A-Center and located in customers' homes qualified to be taxed at the inventory rate set forth in KRS 132.020(1)(n). Rather,

---

[1]Throughout this Opinion, we utilize the version of Kentucky Revised Statutes (KRS) in effect during the years of 2008-2011, when the taxes were due. We note that the relevant subsection (1)(n) of KRS 132.020 was renumbered, but it is substantially unchanged.

the Department of Revenue claimed that such goods were not physically possessed by Rent-A-Center and should be taxed at an increased rate set forth in KRS 132.020(1)(r).

Rent-A-Center filed an answer and a cross-appeal/counterclaim. In the counterclaim, Rent-A-Center asserted that the Board improperly concluded that the household goods were not exempt from taxation under Kentucky Constitution Section 170.

In an Opinion and Order entered August 27, 2024, the circuit court held that the household goods were not owned by the customer and, thus, were not exempt from taxation pursuant to Kentucky Constitution Section 170. The circuit court also determined that the leased household goods should be taxed under the inventory rate set forth in KRS 132.020(1)(n).

Rent-A-Center filed a Notice of Appeal (Appeal No. 2024-CA-1162-MR) from the August 27, 2024, Opinion and Order, and the Department of Revenue filed a Notice of Cross-Appeal (Cross-Appeal No. 2024-CA-1167-MR) from the August 27, 2024, Opinion and Order. We shall initially address Appeal No. 2024-CA-1162-MR and then Cross-Appeal No. 2024-CA-1167-MR.

STANDARD OF REVIEW

As an appellate court, we step into the shoes of the circuit court when reviewing a final order of an administrative agency. *See Landrum v.*

*Commonwealth ex. rel. Beshear*, 599 S.W.3d 781, 792 (Ky. 2019). In so doing,

judicial review proceeds under KRS 13B.150, which provides:

> (1) Except as provided in KRS 452.005, review of a final order shall be conducted by the court without a jury and shall be confined to the record, unless there is fraud or misconduct involving a party engaged in administration of this chapter. The court, upon request, may hear oral argument and receive written briefs. Challenges to the constitutionality of a final order shall be reviewed in accordance with KRS 452.005.
>
> (2) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the final order or it may reverse the final order, in whole or in part, and remand the case for further proceedings if it finds the agency's final order is:
>
>> (a) In violation of constitutional or statutory provisions;
>>
>> (b) In excess of the statutory authority of the agency;
>>
>> (c) Without support of substantial evidence on the whole record;
>>
>> (d) Arbitrary, capricious, or characterized by abuse of discretion;
>>
>> (e) Based on an ex parte communication which substantially prejudiced the rights of any party and likely affected the outcome of the hearing;
>>
>> (f) Prejudiced by a failure of the person conducting a proceeding to be disqualified pursuant to KRS 13B.040(2); or

(g) Deficient as otherwise provided by law.

(3) The court shall apply de novo review of the agency's final order on questions of law. An agency's interpretation of a statute or administrative regulation shall not be entitled to deference from a reviewing court.

To the extent questions of law arise out of an administrative proceeding, the court's review is *de novo*. *Aubrey v. Off. of the Att'y Gen.*, 994 S.W.2d 516, 519 (Ky. App. 1998). Further,

> [t]he purpose of judicial review of an appeal from an administrative agency is to ensure that the agency did not act arbitrarily. *Baesler v. Lexington-Fayette Urban County Government*, 237 S.W.3d 209 (Ky. App. 2007). If the Court concludes that the agency applied the correct rule of law to the facts supported by substantial evidence, the final order of the agency must be affirmed. *Bowling v. Natural Resources and Environmental Protection Cabinet*, 891 S.W.2d 406 (Ky. App. 1994).

*Commonwealth, Energy and Env't Cabinet v. Spurlock*, 308 S.W.3d 221, 223 (Ky. App. 2010). Our review proceeds accordingly.

## APPEAL NO. 2024-CA-1162-MR

Rent-A-Center contends that the circuit court committed error by determining that Kentucky Constitution Section 170 did not exempt from taxation household goods sold to its customers on a rent-to-own basis and used in the customers' homes. In particular, Rent-A-Center argues that household goods purchased by customers on a rent-to-own basis were exempt from "Kentucky ad valorem personal property tax as 'household goods of a person used in his home'

-7-

under Section 170 of the Kentucky Constitution[.]" Rent-A-Center's Brief at 2. Rent-A-Center points out that it is unconverted that the goods at issue are household goods and are used in customers' homes. According to Rent-A-Center, the word "of" denotes mere possession; thus, the household goods exemption of Section 170 is properly read as only requiring a person to possess the household goods used in his home, as opposed to owning the household goods. As its customers certainly possess the household goods in their homes, Rent-A-Center maintains that such household goods are exempt from taxation under Section 170. Rent-A-Center also argues that the interpretation of Kentucky Constitution Section 170 adopted by the circuit court and the Department of Revenue is too narrow by requiring ownership of the household goods. Alternatively, if ownership of the household goods were required under Kentucky Constitution Section 170, Rent-A-Center asserts a consumer possesses beneficial and equitable ownership of the household good once the customer makes payments under the rent-to-own system.

When considering the meaning of a constitutional provision, the Kentucky Supreme Court has instructed that "we look first and foremost to the express language of the provision, 'and words must be given their plain and usual meaning.'" *Westerfield v. Ward*, 599 S.W.3d 738, 747 (Ky. 2019) (quoting *Fletcher v. Graham*, 192 S.W.3d 350, 357-58 (Ky. 2006)); *see also Stivers v. Beshear*, 659 S.W.3d 313, 318 (Ky. 2022). If a provision is deemed ambiguous,

the provision "must be strictly construed and any and all doubts resolved against [its] application" if it exempts property from taxation. *Children's Psychiatric Hosp. of Northen Ky., Inc., v. Revenue Cabinet*, 989 S.W.2d 583, 586 (Ky. 1999); *Hancock v. Prestonsburg Indus. Corp.*, 365 S.W.3d 199, 201 (Ky. 2012).

The Kentucky Constitution mandates that property is subject to taxation unless exempted therefrom by a provision in the Constitution. Kentucky Constitution Section 3; Kentucky Constitution Section 172. Relevant herein is the household goods tax exemption found in Kentucky Constitution Section 170, which reads, as follows:

> There shall be exempt from taxation public property used for public purposes; places of burial not held for private or corporate profit; real property owned and occupied by, and personal property both tangible and intangible owned by, institutions of religion; institutions of purely public charity, and institutions of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education, public libraries, their endowments, and the income of such property as is used exclusively for their maintenance; household goods of a person used in his home; crops grown in the year in which the assessment is made, and in the hands of the producer; and real property maintained as the permanent residence of the owner, who is sixty-five years of age or older, or is classified as totally disabled under a program authorized or administered by an agency of the United States government or by any retirement system either within or without the Commonwealth of Kentucky, provided the property owner received disability payments pursuant to such disability classification, has maintained such disability classification for the entirety of the particular

-9-

taxation period, and has filed with the appropriate local assessor by December 31 of the taxation period, on forms provided therefor, a signed statement indicating continuing disability as provided herein made under penalty of perjury, up to the assessed valuation of sixty-five hundred dollars on said residence and contiguous real property, except for assessment for special benefits. The real property may be held by legal or equitable title, by the entireties, jointly, in common, as a condominium, or indirectly by the stock ownership or membership representing the owner's or member's proprietary interest in a corporation owning a fee or a leasehold initially in excess of ninety-eight years. The exemptions shall apply only to the value of the real property assessable to the owner or, in case of ownership through stock or membership in a corporation, the value of the proportion which his interest in the corporation bears to the assessed value of the property. The General Assembly may authorize any incorporated city or town to exempt manufacturing establishments from municipal taxation, for a period not exceeding five years, as an inducement to their location. Notwithstanding the provisions of Sections 3, 172, and 174 of this Constitution to the contrary, the General Assembly may provide by law an exemption for all or any portion of the property tax for any class of personal property.

Kentucky Constitution Section 170.

Under Kentucky Constitution Section 170, "household goods of a person used in his home" are exempt from taxation. In this case, it is undisputed that the goods are household goods and that Rent-A-Center's customers use the household goods in their homes. As a consequence, the pivotal language at issue is the phrase "of a person" as found in the household goods exemption of Kentucky Constitution Section 170.

In the MERRIAM-WEBSTER DICTIONARY, the word "of" is generally used "to indicate belonging or a possessive relationship." MERRIAM-WEBSTER'S DICTIONARY, 804 (10th ed. 2002). Likewise, in the BLACK'S LAW DICTIONARY, the word "of" can mean "belonging to" or "in possession of." BLACK'S LAW DICTIONARY, 1080 (6th ed. 1990). And the definition of "belong" can mean "to be the property of a person or thing." MERRIAM-WEBSTER'S DICTIONARY, 105 (10th ed. 2002). When giving the language contained in the household goods exemption its usual and ordinary meaning, the phrase "of a person" can denote mere possession of the household good by the person or can denote ownership of the household good by the person. However, as a constitutional provision exempting property from taxation, Kentucky Constitution Section 170 "must be strictly construed" and "all doubts [must be] resolved against [its] application." *Children's Psychiatric Hosp. of Northen Ky.*, 989 S.W.2d at 586; *see also Hancock*, 365 S.W.3d at 201. Accordingly, we conclude that the term "of" denotes ownership of the household goods; consequently, to claim the household goods exemption under Kentucky Constitution Section 170, the household goods must be owned by the person and used in their home.

In this case, the household goods were possessed by Rent-A-Center's customers on a rent-to-own basis. Under the terms of the Rental Purchase Agreement entered between Rent-A-Center and its customers, Rent-A-Center

"retain[ed] title to the property at all times and will pay any taxes which may be levied on the property." Rental Purchase Agreement at 1. Also, the Rental Purchase Agreement specifically provided that "[y]ou do not own the property unless you buy it or acquire ownership as provided by the terms of this lease." Rental Purchase Agreement at 1. Viewed as a whole, the Rental Purchase Agreement is clear that Rent-A-Center retained title to and absolute ownership of the household goods while in the possession of its customers. The Rental Purchase Agreement also plainly stated that customers did not own the household goods, which would include any beneficial or equitable ownership.[2] As the customer does not own the household goods, Rent-A-Center is not entitled to the household goods exemption of Kentucky Constitution Section 170.

We view any remaining contentions of error to be moot or without merit.

To summarize, Kentucky Constitution Section 170 provides an exemption from taxation for "household goods of a person used in his home[.]" To be entitled to this household goods exemption, we hold that the person must own the household good used in his home. Rent-A-Center is not entitled to the

---

[2] It has been asserted that fee simple ownership of the household goods is required by Kentucky Constitution Section 170. Fee simple ownership in Kentucky relates to real property. *See* KRS 381.060. There is no real property at issue in this case. We are unaware of any type of fee simple ownership of personal property under Kentucky law, and neither party has cited legal authority in support of same. *See* KRS 132.010(4).

household goods exemption set forth in Kentucky Constitution Section 170 as the household goods are owned by Rent-A-Center and not by its customers.  We, thus, conclude that the circuit court properly affirmed the Board's order as to application of the household goods exemption set forth in Kentucky Constitution Section 170.

## CROSS-APPEAL NO. 2024-CA-1167-MR

The Department of Revenue asserts that the circuit court erred by determining that the household goods leased to customers by Rent-A-Center and used in customers' homes should be taxed at the inventory rate of $0.05 per $100 of assessed value under KRS 132.020(1)(n).  The Department of Revenue points out that KRS 132.020(1)(n) requires the goods to be "held for sale" and that Rent-A-Center did not hold such household goods for sale as such goods were possessed by Rent-A-Center's customers.  The Department of Revenue argues that only goods possessed by Rent-A-Center are eligible for the tax rate under KRS 132.020(1)(n).  The Department reasons:

> [T]he RPA [rental purchase agreement] contract language makes it clear that the rental items at issue are owned by RAC and not their customers.  Moreover, the rental agreement plainly states that the items are being rented to a particular individual.  Therefore, the property in the possession of the lessee cannot logically or factually be "goods held for sale in the regular course of business."  This is true because if RAC's "regular course of business" is to **sell** the property, as it claims, and the property at issue is already **sold** to a particular individual lessee under the "rental agreement," then no other member of the general public can purchase, or for that

matter, rent, the item that is already being rented by the lessee. On the other hand, if RAC is actually "renting" the property, as its name implies ("***Rent*** A Center"), and as the facts of this case prove, then the tangible personal property at issue is not being held for sale at all. In either case, RAC's property would not qualify for the lower rate or "***defacto exemption***" from taxation.

If a customer does pay all of the rental payments and takes ownership of the rented item at the end of the lease term, RAC removes the item from its books prior to the following January 1 assessment date, and the item will not be taxable to RAC in that subsequent tax year. However, each rental item that RAC has not sold to a customer as of January 1 of the tax year is taxable to RAC, ***because the rental item is being rented, not sold***, regardless of whether RAC later sells the item to a customer on or after January 1 of the tax year.

Department of Revenue Combined Appellee/Appellant's Brief at 15. As Rent-A-Center does not possess the household goods and had leased same, the Department of Revenue maintains that such goods are not held by Rent-A-Center for sale and thus are taxable under the higher tax rate set forth in KRS 132.020(1)(r).

When construing a statute, legislative intent is paramount. *Jefferson Cnty. Board of Educ. v. Fell*, 391 S.W.3d 713, 718 (Ky. 2012). "To determine legislative intent," words utilized in the statute are given their plain and ordinary meaning. *Pearce v. Univ. of Louisville, by and though its Bd. of Trs.*, 448 S.W.3d 746, 749 (Ky. 2014); *Monumental Life Ins. Co. v. Dep't of Revenue*, 294 S.W.3d 10, 19 (Ky. App. 2008). The statute must be considered as a whole and must "be liberally construed with a view to promote their [its] objects and carry out the

-14-

intent of the legislature[.]" KRS 446.080(1) The interpretation of a statute presents an issue of law, and our review is *de novo*. *City of Fort Wright v. Bd. of Trs. of Ky. Ret. Sys.*, 635 S.W.3d 37, 40 (Ky. 2021).

The ad valorem tax statute at issue is KRS 132.020, and it provides, in relevant part:

> (1) The owner or person assessed shall pay an annual ad valorem tax for state purposes at the rate of:
>
> . . . .
>
>> (n) Five cents ($0.05) upon each one hundred dollars ($100) of value of goods held for sale in the regular course of business, which includes machinery and equipment held in a retailer's inventory for sale or lease originating under a floor plan financing arrangement; and raw materials, which includes distilled spirits and distilled spirits inventory, and in-process materials, which includes distilled spirits and distilled spirits inventory, held for incorporation in finished goods held for sale in the regular course of business;
>>
>> . . . .
>>
>> (r) Forty-five cents ($0.45) upon each one hundred dollars ($100) of value of all other property directed to be assessed for taxation shall be paid by the owner or person assessed, except as provided in KRS 132.030, 132.200, 136.300, and 136.320, providing a different tax rate for particular property.

Under KRS 132.020(1)(n), "goods held for sale in the regular course of business" are entitled to the reduced tax rate of $0.05 per $100 of value.[3] The term "held" is the past tense and past participle of hold; therefore, to determine the common meaning of held, we must consider the common meaning of hold. The common meaning of hold is "to have possession or ownership of or have at one's disposal." MERRIAM-WEBSTER'S DICTIONARY, 551 (10th ed. 2002). And the common meaning of sale is "the act of selling," and the word "sell" is commonly understood as "to give up (property) to another for something of value (as money)." MERRIAM-WEBSTER'S DICTIONARY, 1028, 1059 (10th ed. 2002).

Considering the common definitions of the terms in KRS 132.020(1)(n), the phrase "goods held for sale" denotes goods possessed or owned by a retailer and offered to customers in exchange for valuable consideration.[4] Therefore, to be "held" by a retailer, the retailer must either possess or own the goods. And, given "for sale" means an exchange for valuable consideration, a lease of property for valuable consideration qualifies as a sale under KRS 132.020(1)(n). We reject the Department of Revenue's assertion that "goods held for sale" must be possessed by the retailer, and the retailer must offer to transfer

---

[3] We do not view KRS 132.020(1)(n) as providing a tax exemption; rather, it simply provides for a reduced tax rate of $0.05 per $100 of value for the goods.

[4] As KRS 132.020(1)(n) is not a tax exemption statute, there is no requirement that it be "strictly construed" and "all doubts resolved against [its] application." *Children's Psychiatric Hosp. of Northen Ky., Inc., v. Revenue Cabinet*, 989 S.W.2d 583, 586 (Ky. 1999).

ownership of said goods for consideration to order to qualify for the tax rate under KRS 132.020(1)(n). Such a reading of KRS 132.020(1)(n) is overly narrow and disregards the plain terms contained therein.

In the instant case, Rent-A-Center is a retailer of goods and regularly engages in the sale or lease of such goods. When Rent-A-Center rents goods to customers, Rent-A-Center retains complete ownership of the goods and transfers possession of the goods to customers for valuable consideration. As a result, under KRS 132.020(1)(n), the goods rented by Rent-A-Center qualify for the inventory tax rate set forth in KRS 132.020(1)(n). We, thus, conclude that the circuit court properly affirmed the Board's decision that the tax rate of KRS 132.020(1)(n) applies to goods leased by Rent-A-Center.

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, we affirm Appeal No. 2024-CA-1162-MR and Cross-Appeal No. 2024-CA-1167-MR.

ALL CONCUR.

BRIEFS FOR APPELLANT/CROSS-APPELLEE:

Daniel G. Mudd
Mark F. Sommer
Elizabeth M. Ethington
Louisville, Kentucky

BRIEFS FOR APPELLEE/CROSS-APPELLANT:

Stephen G. Dickerson
Frankfort, Kentucky

-17-